1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YUTING CHEN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ARIEL ABITTAN, ABRAHAM ABITTAN, RACHEL ABITTAN, BRIAN ABITTAN, JACOB ABITTAN, ALYSSA ABITTAN, ELIANA ABITTAN, ROY GRABER, TOVA GRABER, REALTIME NY LLC, a New York Limited Liability Company, and DOES 1-20, inclusive<br><br>　　　　　　Defendants. | Case No. 21-cv-09393-YGR<br><br>**JOINT LETTER REGARDING PRE-RULE 26(f) CONFERENCE DEPOSITION OF PLAINTIFF**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Place: Courtroom 1, 4th Floor<br>Filed: December 3, 2021 |

Hon. Yvonne Gonzalez Rogers
United States District Court
Oakland Courthouse, Courtroom 1-4th Floor
1301 Clay Street
Oakland, CA 94612

Dear Judge Rogers,

　　　Pursuant to paragraph 8.b. of your Honor's Standing Order, the parties submit this joint letter regarding Defendants Ariel Abittan, Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Abittan, Eliana Abittan, Roy Graber, Tova Graber, and Realtime NY LLC (collectively, "Defendants") request to conduct a pre-Rule 26(f) Conference deposition of Plaintiff Yuting Chen ("Plaintiff"). The parties have met and conferred via videoconference and exchanged correspondence in a good faith effort to resolve the issues set forth hereinbelow. The parties have been unable to reach an agreement and therefore submit this joint letter.

Respectfully submitted,

| | |
|---|---|
| **HANSEN LAW FIRM, PC**<br>*/s/ Craig Hansen*_____<br>Craig Hansen<br>*Counsel for Plaintiff* | **ROCHE FREEDMAN LLP**<br>*/s/ Brianna K. Pierce*_____<br>Brianna K. Pierce<br>*Counsel for Defendants* |

Defendants' Position:

Defendants do not know who is suing them, and as stated below, they require a deposition to ascertain that person's true identity.

On December 24, 2020—nearly a full year before this action commenced—Defendant Ariel Abittan ("A. Abittan") filed suit against a woman with whom he had been conducting business for more than four years.[1] When A. Abittan first met the woman, she used the name "Tiffany Chen." Subsequently, Tiffany Chen told A. Abittan to call her "Lily Chao" in public. Irrespective of the names she used publicly, the woman—for years—directed A. Abittan to wire her money to a bank account in the name of Yuting Chen and to mail her packages using a mailing address associated with Yuting Chen. The woman claimed to own a house and an apartment leased under the name Yuting Chen. Consequently, A. Abittan believed that the woman had a legal name of Yuting Chen, with aliases of Tiffany Chen and Lily Chao.

As Plaintiff acknowledges in the Complaint, "a great deal" of A. Abittan's and the woman's "business was conducted in person." [ECF No. 1] ¶ 46. As alleged, "Ariel Abittan would fly regularly to California and meet Chen in her residential city of Atherton." *Id.* Indeed, on approximately two dozen occasions, A. Abittan stayed at the woman's home. A. Abittan spent hundreds of hours working face-to-face with the woman and her husband to buy and sell ultra-luxury watches and, eventually, to build a successful financial technology business.

In or around December of 2017, A. Abittan invited the woman (and her husband) to Defendant Jacob Abittan's wedding, where the woman met many of the Defendants for the first (and only) time. The woman—who was only accompanied by her husband and no other women—introduced herself as Tiffany Chen. Defendants Abraham Abittan and Rachel Abittan later knew the woman as Lily Chao. Defendants Roy and Tova Graber never met the woman at all. Regardless of the name, there was one woman with whom A. Abittan conducted business. Some of A. Abittan's relatives, named as Defendants in this litigation, met that woman. Other Defendants did not. A. Abittan never did business with a second woman going by any of those names, and none of the other Defendants ever met a second female business partner or business contact of A. Abittan.

Simply put, A. Abittan has first-hand knowledge of this woman's appearance, previous residences, and aliases. When A. Abittan's and the woman's business relationship soured, A. Abittan sued the woman as "Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen)." *See* Abittan Action, [ECF No. 1] at ¶¶ 196-98. In the Abittan Action, he alleges that, *inter alia*, he and the woman partnered to buy and sell ultra-luxury watches, she failed to pay A. Abittan his share of the proceeds from several watch sales, she failed to contribute her share of the cost to acquire certain watches, and she sold or retained twenty-four (24) watches for which A. Abittan has received no compensation. *See id.* at ¶¶ 196-98.

On July 9, 2021, Yuting Chen filed a sworn declaration in the Abittan Action, stating: "I am aware that plaintiff Ariel Abittan has submitted a declaration in this matter in which he makes allegations about an individual who he claims is Lily Chao, and that in this case, he appears to confuse me with Lily Chao. I am not lily [sic] Chao and Lily Chao is not my sister." Abittan Action, [ECF No. 74]. The declarant did **not** clarify whether she is the former business partner against whom A. Abittan has raised claims. She did not acknowledge that she has used the name Lily Chao as an alias. She did not acknowledge that Lily Chao is a different individual whom she knows. And she did not attempt to clear up the source of any issues of mistaken identity.

On December 3, 2021, Yuting Chen—represented by the same counsel appearing on behalf of Lily Chao in the Abittan Action—filed the instant Complaint [ECF No. 1]. Counsel and their client(s) appear to be taking the position that Yuting Chen is a different person than Lily Chao, that Yuting Chen is the person who engaged in the watch business with A. Abittan, and that Lily Chao is a third-party with no connection to the watch transactions described in either complaint. Yet, counsel and their client(s) have refused to state those precise facts under oath via a declaration or produce any evidence that identifies Yuting Chen as the woman with whom A. Abittan conducted business.

---

[1] *See Ariel Abittan v. Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen), et al.*, District Court of Northern California, Case No. 20-cv-09340 ("Abittan Action").

- 2 -

In sum, A. Abittan was engaged in one watch business with one woman between 2016 and 2020 and that person used the name Lily Chao, Tiffany Chen, and Yuting Chen at different times in different contexts. Until that person identifies herself under oath, Defendants are left wondering exactly *who* Plaintiff is. If she is not the woman who used the names "Lily Chao" and "Tiffany Chen," then she has no connection to A. Abittan's watch business. Yet, a person named Lily Chao is represented by counsel, has appeared in the Abittan Action, and is defending against A. Abittan's claims as to the watch business.

To resolve this issue, Defendants seek to conduct pre-Rule 26(f) Conference discovery for the limited purpose of identifying Yuting Chen, differentiating her from the woman known as Lily Chao/Tiffany Chen, or confirming that there is a single relevant person who is using those names.

Pursuant to Rule 30(a)(2)(A)(iii), a court must grant a party's request to take a pre-Rule 26(f) Conference discovery if such discovery does not run afoul of Rule 26(b)(1)—i.e., is "proportional to the needs of the case," considering necessity of the information, importance of the issue, resources of the parties, burden and expense of the proposed discovery, and the likely benefit to be obtained. *See* Fed. R. Civ. P. 26(b)(1). Additionally, when evaluating a party's request for expedited discovery, this District applies the conventional standard of good cause. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.")

Defendants' targeted request for expedited discovery is proportional to the needs of the case because it will resolve the threshold question of Yuting Chen's identity, while posing minimal expense and burden. Plaintiff lives in Atherton, California, approximately 25 miles from her attorney's office. Defendants will agree to take Plaintiff's deposition at her counsel's office during regular business hours or at a place otherwise agreeable to Plaintiff.

Moreover, there is good cause for granting expedited discovery. Specifically, Defendants need the expedited discovery if they are to be afforded the common law right of knowing their opponent. *See Doe v. Penzato*, No. CV10-5154, 2011 WL 1833007, at *2 (N.D. Cal. May 13, 2011) (in assessing whether a plaintiff could shield his identity, the court noted "parties have the common law right to know the identity of the parties in a judicial proceeding"). Without such information, Defendants cannot fully assess the allegations made against them. For example, an allegation could be *either* true *or* false depending on the identity of Yuting Chen. This dichotomy makes it impossible for Defendants to respond to Plaintiff's allegations in the complaint.

By contrast, there is almost no prejudice to Plaintiff. She need only identify herself, her use of aliases, her knowledge of Lily Chao/Tiffany Chen, and her relationship to A. Abittan. Accordingly, Defendants' need outweighs the prejudice to Plaintiff, and good causes exists to grant expedited discovery.

As stated during the meet and confer process, Plaintiff opposes Defendants' request for expedited discovery, instead proposing that "we begin with a deposition of Mr. Abittan, during which we can show him a copy of Yuting Chen's passport, and examine him with respect to his familiarity (or lack thereof) of the person depicted in the photo." That opposition is not well-taken. First, A. Abittan will sit for an expedited deposition, if requested and proportional, but that deposition need not delay the deposition of Yuting Chen. Second, there is no allegation—or suggestion in the record—that A. Abittan has used an alias or confused any other party as to his identity. Third, questions directed to A. Abittan will not resolve the issue of Yuting Chen's, Lily Chao's, or Tiffany Chen's identity or identities or provide the basic information Defendants require to properly respond to the complaint.

For the foregoing reasons—and in order to properly respond to the complaint—Defendants request that the Court issue an order: (a) requiring Plaintiff to appear for a deposition, limited to issues about Plaintiff's identity; and (b) preserving Defendants' ability to depose Plaintiff in the ordinary course of this litigation following the Rule 26(f) Conference.

Plaintiff's Position

After A. Abittan initiated one federal action against "Lily Chao, a.k.a., Yuting Chen" on Christmas Eve Day of 2020 and a state cross-complaint against "Yuting Chen, a.k.a. Lily Chao" last November, essentially asserting twice that Lily Chao is Yuting Chen and Yuting Chen is Lily Chao in court, A. Abittan now claims that he actually doesn't know who Yuting Chen is.

In his absurd attempt to manufacture confusion and conflating the two women as one, a necessity to buttress those otherwise unsustainable actions, but a hindrance in this matter, defendant A. Abittan has taken a new position that plaintiff in this matter, Yuting Chen, is not the same person that he sued under his cross-complaint in a separate statement matter, Lily Chao.

In an effort to resolve this issue of mistaken identity between these two women and put an end to this farce, Counsel for Yuting Chen and counsel for A. Abittan met and conferred on April 5. During the Zoom conference, counsel for Yuting Chen proposed producing to A. Abittan's counsel a copy of Yuting Chen's passport, with the limitation that A. Abittan's counsel could show it to A. Abittan, but not allow him to retain a copy (so as to help avoid any potential misuse of the photograph). Yuting Chen's counsel further opened a screenshare during the Zoom conference and showed Yuting Chen's passport to counsel for A. Abittan to demonstrate that Yuting Chen is not the person alleged to be "Yuting Chen (A/K/A Tiffany Chen, A/K/A Lily Chao")" in Ariel Abittan's cross-complaint in the Santa County Superior Court action (Case No. 20CV372622) (the "State Action") or the defendant "Lily Chao (A/K/A Tiffany Chen, A/K/A Yuting Chen")" in Ariel Abittan's complaint in the District Court of Northern California, Case No. 20-cv-09340 (the "Abittan Federal Action"). Specifically, counsel for Yuting Chen asserted that a simple comparison between Ms. Chen's passport photo (the "Passport Photo") and the photo allegedly of Ms. Chen at Paragraph 134 of Abittan's Cross-Complaint in the State Action (the "Cross-Complaint Photo") clearly reveals that they are not the same person.

In response to that showing, counsel for A. Abittan stated that the proposal offered by counsel for Yuting Chen would not resolve the issue because, according to Mr. Abittan, he spent a significant amount of time with the person in the Cross-Complaint Photo and (1) she represented herself to be Yuting Chen; and (2) this was not the same person in the Passport Photo. Accordingly, counsel for A. Abittan insisted that the only way to resolve the identity issue was to depose both the person in the Passport Photo – who counsel for Yuting Chen understand to be Yuting Chen – and the person in the Cross-Complaint Photo – who counsel for Yuting Chen understand to be the person utilizing the name "Lily Chao" (who is also represented by the same counsel in the State Action and the Abittan Federal Action).

As an initial matter, A. Abittan does not need to resolve any purported identity issue prior to filing a responsive pleading in this matter. This action was clearly filed by "Yuting Chen" –not "Lily Chao" or "Tiffany Chen." So there is no basis for A. Abittan to claim any confusion or mistake as to who is suing him and the other defendants in this matter. If Mr. Abittan asserts that there has been any confusion concerning Ms. Chen's identity, that can be born out in the normal course of discovery.

Moreover,, it is not clear how counsel for A. Abittan could be so certain that Mr. Abittan never met the person in the Passport Photo, since counsel for Yuting Chen only showed A. Abittan's counsel that photo for the first time during the Zoom conference – and Mr. Abittan was not on that Zoom conference. Counsel for Yuting Chen suggested that the simplest way to potentially rule out whether A. Abittan is simply confusing Ms. Chen with "Lily Chao" (or otherwise feigning such confusion) would be to show him the Passport Photo during a deposition and examine him on whether be believes the person depicted in the photo is Ms. Chen, or whether he has otherwise met this person before.

It is also unclear how the early depositions of these two women will resolve the identity issue. If Mr. Abittan asserts that the person in the Cross-Complaint Photo (i.e., "Lily Chao") represented herself to Mr. Abittan to be Yuting Chen, a deposition of the two women would not resolve that issue. Specifically, Mr. Abittan's counsel has not identified what questions counsel could ask to resolve this purported misrepresentation.

In short, the only person who seems to be expressing any confusion about Yuting Chen's identity is A. Abittan himself. Accordingly, if any early depositions are conducted in this matter,

- 4 -

the parties should begin with a deposition of A. Abittan, during which counsel for Yuting Chen can show him a copy of Yuting Chen's passport, and examine him with respect to his familiarity (or lack thereof) of the person depicted in the photo. If the person in the Passport Photo is, in fact, the person who Mr. Abittan understands to be Yuting Chen, the entire mistaken identity issue will be resolved. Conversely, if Mr. Abittan does not recognize the person in the Passport Photo and continues to believe the person who he knew as Yuting Chen is the person depicted in the Cross-Complaint photo, then the Parties can proceed with alternative means to assess the identity issue.

      In conclusion, early depositions of Yuting Chen and Lily Chao are not necessary for Abittan to file a responsive pleading in this matter. If any early depositions are ordered, the Parties should instead move forward solely with a deposition of A. Abittan to assess any confusion concerning Ms. Chen's identity, and whether any additional early depositions are even warranted.