Constantine P. Economides (*pro hac vice*)
(Florida Bar No. 118177)
Brianna K. Pierce (CA Bar No. 336906)
ROCHE FREEDMAN LLP
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (305) 851-5997
Email:  ceconomides@rochefreedman.com
　　　　bpierce@rochefreedman.com

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| YUTING CHEN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ARIEL ABITTAN, ABRAHAM ABITTAN, RACHEL ABITTAN, BRIAN ABITTAN, JACOB ABITTAN, ALYSSA ABITTAN, ELIANA ABITTAN, ROY GRABER, TOVA GRABER, REALTIME NY LLC, a New York Limited Liability Company, and DOES 1-20, inclusive<br><br>　　　　　　　Defendants. | Case No. 21-cv-09393-YGR<br><br>**AMENDED ANSWER**<br><br>Judge:　Hon. Yvonne Gonzalez Rogers<br>Place:　Courtroom 1, 4th Floor<br>Filed:　December 3, 2021<br><br>**JURY TRIAL DEMANDED** |

Defendants Ariel Abittan, Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Abittan, Eliana Abittan, Roy Graber, Tova Graber, and Realtime NY LLC (collectively, "Defendants") hereby answer the Complaint of Plaintiff Yuting Chen ("Plaintiff"), as follows. Defendants preserve and do not waive the rights and defenses under Rules 12(b)(2), 12(b)(3), 12(b)(6), and 12(b)(7). Defendants do not consent to personal jurisdiction.

## **NATURE OF THE CASE**

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the Complaint, and denies them on that ground.

2. Defendants deny the allegations contained in paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint.

## **THE PARTIES**

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6 of the Complaint, and denies them on that ground.

7. Defendants admit the allegation contained in paragraph 7 of the Complaint.

8. Defendants admit the allegation contained in paragraph 8 of the Complaint.

9. Defendants admit the allegation contained in paragraph 9 of the Complaint.

10. Defendants admit the allegation contained in paragraph 10 of the Complaint.

11. Defendants admit the allegation contained in paragraph 11 of the Complaint.

12. Defendants admit the allegation contained in paragraph 12 of the Complaint.

13. Defendants admit the allegation contained in paragraph 13 of the Complaint.

14. Defendants admit the allegation contained in paragraph 14 of the Complaint.

15. Defendants admit the allegation contained in paragraph 15 of the Complaint.

16. Defendants admit the allegation contained in paragraph16 of the Complaint.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17 of the Complaint, and denies them on that ground.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of the Complaint, and denies them on that ground.

## JURISDICTION AND VENUE

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of the Complaint, and denies them on that ground.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 of the Complaint, and denies them on that ground.

## DIVISIONAL ASSIGNMENT

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of the Complaint, and denies them on that ground. Defendants, however, note that Plaintiff marked this case as related to the following lower-numbered action: *Ariel Abittan v. Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen), Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding), Temujin Labs Inc. (Delaware)*, United States District Court, Northern California, Oakland Division, Case No. 5:20-cv-09340-NC.

## FACTUAL ALLEGATIONS

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23 of the Complaint, and denies them on that ground.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 of the Complaint, and denies them on that ground.

25. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25 of the Complaint, and denies them on that ground.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26 of the Complaint, and denies them on that ground.

27. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27 of the Complaint, and denies them on that ground.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29 of the Complaint, and denies them on that ground.

30. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 of the Complaint, and denies them on that ground.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 32 of the Complaint, and denies them on that ground.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants admit that Defendant Abraham Abittan is a dermatologist. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 37 of the Complaint, and denies them on that ground.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 38 of the Complaint, and denies them on that ground.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 39 of the Complaint, and denies them on that ground.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43 of the Complaint, and denies them on that ground.

44. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 44 of the Complaint, and denies them on that ground.

45. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 45 of the Complaint, and denies them on that ground.

46. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 46 of the Complaint, and denies them on that ground.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants admit that Ariel Abittan created and controls Realtime NY LLC and that Ariel Abittan sent and received funds relating to a watch business from a bank account in its name. Defendants deny the remaining allegations contained in paragraph 49 of the Complaint.

50. Defendants admit that Ariel Abittan bought and sold highly sought after watches worth millions of dollars. Defendants deny the remaining allegations contained in paragraph 50.

51. Defendants deny that Ariel Abittan ever took possession of a watch without paying his full share of the cost of that watch. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 51 of the Complaint, and denies them on that ground.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint, and denies them on that ground.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint, and denies them on that ground.

60. Defendants admit that Abraham and Rachel Abittan flew to California in or around late 2019. Defendants deny that Abraham and Rachel Abittan promised any person that they would repay payments made toward debt incurred on credit cards in Ariel Abittan's name. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 60 of the Complaint, and denies them on that ground.

61. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 61 of the Complaint, and denies them on that ground.

62. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 62 of the Complaint, and denies them on that ground.

63. Defendants deny the remaining allegations contained in paragraph 63 of the Complaint, and denies them on that ground.

64. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 64 of the Complaint, and denies them on that ground.

65. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 65 of the Complaint, and denies them on that ground.

66. Defendants admit that Yuting Chen was named in a lawsuit filed by Ariel Abittan on December 24, 2020. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 66 of the Complaint, and denies them on that ground.

67. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 67 of the Complaint, and denies them on that ground.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Breach of Contract – Watch Business

### (Against Ariel Abittan)

68. Defendants repeat, reallege, and incorporate its answers to paragraph 1 through 67 of the Complaint as if fully set forth in this Cause of Action.

69. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation contained in paragraph 69 of the Complaint relating to the identity of Ariel Abittan's business partner, and denies them on that ground. Defendants deny the remaining allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

| | |
|---|---|
| 1 | 71. Defendants lack knowledge or information sufficient to form a belief about the truth |
| 2 | of the allegations contained in paragraph 71 of the Complaint, and denies them on that ground. |
| 3 | 72. Defendants deny the allegations contained in paragraph 72 of the Complaint, and |
| 4 | denies them on that ground. |

**SECOND CAUSE OF ACTION**

**Breach of Contract – Payment of Credit Card Debt**

**(Against Ariel Abittan)**

73. Defendants repeat, reallege, and incorporate its answers to paragraph 1 through 72 of the Complaint as if fully set forth in this Cause of Action.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

**THIRD CAUSE OF ACTION**

**Breach of Fiduciary**

**(Against Ariel Abittan)**

79. Defendants repeat, reallege, and incorporate its answers to paragraph 1 through 78 of the Complaint as if fully set forth in this Cause of Action.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

**FOURTH CAUSE OF ACTION**

**Aiding and Abetting Breach of Fiduciary Duty**

**(Against the Co-Defendant Family Members)**

84. Defendants repeat, reallege, and incorporate its answers to paragraph 1 through 83 of the Complaint as if fully set forth in this Cause of Action.

|   |   |   |
|---|---|---|
| 1 | 85. | Defendants deny the allegations contained in paragraph 85 of the Complaint. |
| 2 | 86. | Defendants deny the allegations contained in paragraph 86 of the Complaint. |
| 3 | 87. | Defendants deny the allegations contained in paragraph 87 of the Complaint. |
| 4 | 88. | Defendants deny the allegations contained in paragraph 88 of the Complaint. |
| 5 | 89. | Defendants deny the allegations contained in paragraph 89 of the Complaint. |

**FIFTH CAUSE OF ACTION**

**Fraud**

**(Against All Defendants)**

90. Defendants repeat, reallege, and incorporate its answers to paragraph 1 through 89 of the Complaint as if fully set forth in this Cause of Action.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint.
92. Defendants deny the allegations contained in paragraph 92 of the Complaint.
93. Defendants deny the allegations contained in paragraph 93 of the Complaint.
94. Defendants deny the allegations contained in paragraph 94 of the Complaint.
95. Defendants deny the allegations contained in paragraph 95 of the Complaint.
96. Defendants deny the allegations contained in paragraph 96 of the Complaint.
97. Defendants deny the allegations contained in paragraph 97 of the Complaint.
98. Defendants deny the allegations contained in paragraph 98 of the Complaint.
99. Defendants deny the allegations contained in paragraph 99 of the Complaint.

**SIXTH CAUSE OF ACTION**

**Conversion**

**(Against Ariel Abittan)**

100. Defendants repeat, reallege, and incorporate its answers to paragraph 1 through 99 of the Complaint as if fully set forth in this Cause of Action.

101. Defendants deny the allegations contained in paragraph 101 of the Complaint.
102. Defendants deny the allegations contained in paragraph 102 of the Complaint.
103. Defendants deny the allegations contained in paragraph 103 of the Complaint.
104. Defendants deny the allegations contained in paragraph 104 of the Complaint.

| | |
|---|---|
| 1 | **SEVENTH CAUSE OF ACTION** |
| 2 | **Unjust Enrichment** |
| 3 | **(Against All Defendants)** |

1                                     **SEVENTH CAUSE OF ACTION**

2                                           **Unjust Enrichment**

3                                           **(Against All Defendants)**

4        105.     Defendants repeat, reallege, and incorporate its answers to paragraph 1 through 104

5 of the Complaint as if fully set forth in this Cause of Action.

6        106.     Defendants deny the allegations contained in paragraph 106 of the Complaint.

7        107.     Defendants deny the allegations contained in paragraph 107 of the Complaint.

8        108.     Defendants deny the allegations contained in paragraph 108 of the Complaint.

9        109.     Defendants deny the allegations contained in paragraph 109 of the Complaint.

10                                     **EIGHTH CAUSE OF ACTION**

11                                   **Imposition of Constructive Trust**

12                                       **(Against All Defendants)**

13       110.     Defendants repeat, reallege, and incorporate its answers to paragraph 1 through 109

14 of the Complaint as if fully set forth in this Cause of Action.

15       111.     Defendants deny the allegations contained in paragraph 111 of the Complaint.

16       112.     Defendants deny the allegations contained in paragraph 112 of the Complaint.

17       113.     Defendants deny the allegations contained in paragraph 113 of the Complaint.

18       114.     Defendants deny the allegations contained in paragraph 114 of the Complaint.

19                                     **NINTH CAUSE OF ACTION**

20                                         **Declaratory Relief**

21                                        **(Against Ariel Abittan)**

22       115.     Defendants repeat, reallege, and incorporate its answers to paragraph 1 through 114

23 of the Complaint as if fully set forth in this Cause of Action.

24       116.     Defendants deny the allegations contained in paragraph 116 of the Complaint.

25       117.     Defendants deny the allegations contained in paragraph 117 of the Complaint.

26 //

27 //

28 //

**TENTH CAUSE OF ACTION**

Accounting

**(Against Ariel Abittan)**

118. Defendants repeat, reallege, and incorporate its answers to paragraph 1 through 117 of the Complaint as if fully set forth in this.

119. Defendants deny the allegations contained in paragraph 119 of the Complaint.

120. Defendants deny the allegations contained in paragraph 120 of the Complaint.

**ELEVENTH CAUSE OF ACTION**

Intentional Infliction of Emotional Distress

**(Against All Defendants)**

121. Defendants repeat, reallege, and incorporate its answers to paragraph 1 through 120 of the Complaint as if fully set forth in this Cause of Action.

122. Defendants deny the allegations contained in paragraph 122 of the Complaint.

123. Defendants deny the allegations contained in paragraph 123 of the Complaint.

124. Defendants deny the allegations contained in paragraph 124 of the Complaint.

125. Defendants deny the allegations contained in paragraph 125 of the Complaint.

126. Defendants deny the allegations contained in paragraph 126 of the Complaint.

127. Defendants deny the allegations contained in paragraph 127 of the Complaint.

**TWLEVTH CAUSE OF ACTION**

Civil Conspiracy

**(Against All Defendants)**

128. Defendants repeat, reallege, and incorporate its answers to paragraph 1 through 127 of the Complaint as if fully set forth in this Cause of Action.

129. Defendants deny the allegations contained in paragraph 129 of the Complaint.

130. Defendants deny the allegations contained in paragraph 130 of the Complaint.

131. Defendants deny the allegations contained in paragraph 131 of the Complaint.

132. Defendants deny the allegations contained in paragraph 132 of the Complaint.

//

## RESPONSE TO PRAYER FOR RELIEF

To the extent that any response is required from Defendants to Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to any relief sought and denies the allegations supporting any prayer for relief on behalf of Plaintiff.

## DEFENSES AND AFFIRMATIVE DEFENSES

In addition to the foregoing responses to Plaintiff's Complaint, Defendants preserve, set forth, and do not waive the following separate and distinct defenses and affirmative defenses, as follows.

Defendants have never interacted with a woman who personally introduced herself as Yuting Chen. Ariel Abittan conducted business with a woman, who orally or in writing used three different names: Lily Chao, Tiffany Chen, and Yuting Chen. The woman used the name "Yuting Chen" only in writing. Ariel Abittan also conducted business with that woman's husband, who orally or in writing used three different names: Damien Ding, Damien Leung, and Tao Ding. Beginning in 2016 and over the course of four (4) years, Ariel Abittan repeatedly transacted business with the woman and man in person; corresponded with them via text message, phone, and email; stayed at their home at 69 Isabella Ave., Atherton CA 94027; and met their children.

On December 10, 2017, Defendants Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, and Alyssa Portal (née Abittan) met that woman (and man) at Jacob Abittan's wedding. At that time, the woman introduced herself as Tiffany Chen. Defendants Brian Abittan, Jacob Abittan, and Alyssa Portal (née Abittan) have not spoken with the woman (or man) since Jacob Abittan's wedding. Defendants Abraham Abittan, Rachel Abittan, and Eliana Abittan had further interactions with the woman and man, but those meetings occurred after the last watch transaction between Ariel and the woman (and man). Defendants Roy Graber and Tova Graber have never met the woman (or man).

In or around February of 2018, when interacting with Ariel Abittan, the woman started using the name "Lily Chao," after previously using the name "Tiffany Chen." In written correspondence with Ariel Abittan, the woman asked for payments, related to the business, to be made to her account in the name of "Yuting Chen."

Ariel Abittan has filed claims against the woman (and the man) in *Ariel Abittan v. Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen) et al*. Case No. 5:20-cv-09340-NC (N.D. Cal.) (the "Related Federal Action") and has filed cross claims against the woman (and the man) in *Temujin Labs Inc., et al. v. Ariel Abittan, et. al*., Superior Court of California, County of Santa Clara, Case No. 20CV372622 (the "Related State Action").

Plaintiff Yuting Chen now purports to be the woman with whom Ariel Abittan conducted business, yet she denies that she has used the names Tiffany Chen or Lily Chao. She also seeks to distinguish herself from the woman sued over the same watch business in the Related Federal Action and Related State Action.

Defendants incorporate those facts into each affirmative defenses set forth below.

### FIRST DEFENSE

### (Failure to State a Claim)

The Complaint, and each and every alleged cause of action set forth therein, fails to state facts sufficient to constitute a claim against each Defendant.

### SECOND DEFENSE

### (Lack of Personal Jurisdiction)

Defendants allege that personal jurisdiction over Defendants, other than Ariel Abittan, is lacking. Defendants do not consent to personal jurisdiction or waive any challenges to personal jurisdiction. Defendants Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Portal (née Abittan), Eliana Abittan, Roy Graber, Tova Graber, and RealTime NY, LLC do not own any assets or conduct any business in California. *See* Declaration of Ariel Abittan, on behalf of RealTime NY, LLC, annexed hereto as Exhibit A; Declaration of Abraham Abittan, annexed hereto as Exhibit B; Declaration of Rachel Abittan, annexed hereto as Exhibit C; Declaration of Brian Abittan, annexed hereto as Exhibit D; Declaration of Jacob Abittan, annexed hereto as Exhibit E; Declaration of Alyssa Abittan, annexed hereto as Exhibit F; Declaration of Eliana Abittan, annexed hereto as Exhibit G; Declaration of Roy Graber, annexed hereto as Exhibit H; Declaration of Tova Graber, annexed hereto as Exhibit I. Defendants Brian Abittan, Jacob Abittan, Alyssa Portal (née Abittan), Roy Graber, Tova Graber have not had any contact with California in

over fifteen (15) years. *See* Exs. D, E, F, H, I. Abraham Abittan and Rachelle Abittan have spent approximately twenty-four (24) hours in California in the last fifteen (15) years. Exs. B, C. Approximately two (2) of those hours were spent with Ariel Abittan's business partner, who used the name Tiffany Chen (not Yuting Chen). Exs. B, C. Notably, however, this meeting occurred **after** Ariel Abittan and his business partner (using the name Tiffany Chen) had already stopped transacting in their watch business together. Exs. B, C. Defendant Eliana Abittan, accompanied by her children, made one social visit to Tiffany Chen's home in California. Ex. G. Eliana Abittan did not conduct any business during this trip. Ex. G.

### THIRD DEFENSE

### (Improper Venue)

Defendants allege that venue is improper.

### FOURTH DEFENSE

### (Failure to Join Indispensable Party)

Defendants allege that Plaintiff has failed to name an indispensable party, including Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen) and Tao Ding (a/k/a Damien Ding, a/k/a Damien Leung).

### FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff comes to this Court with unclean hands and is therefore barred from recovery.

### SECOND AFFIRMATIVE DEFENSE

### (Inadequate Performance)

Plaintiff's claims are barred by her inadequate performance.

### THIRD AFFIRMATIVE DEFENSE

### (Estoppel, Waiver, Laches)

Plaintiff's claims are barred, in whole or in part by the equitable doctrines of estoppel, waiver, and laches by virtue of Plaintiff's own acts or failures to act.

//

//

## FOURTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

The damages, if any, claimed by Plaintiff are wholly speculative and are not susceptible to determination.

## FIFTH AFFIRMATIVE DEFENSE

### (Judicial Estoppel)

The Complaint, and each and every purported claim contained therein, is barred in whole or in part by the doctrine of judicial estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

Plaintiff was careless, negligent and/or culpable in and about the matter of which she complained and failed to exercise reasonable and ordinary care, caution or prudence to protect her interests. Such carelessness, negligence and culpable conduct proximately caused the damage, if any, sustained by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

Plaintiff was negligent in and about the matters alleged in the complaint and each alleged cause of action therein. Such negligence proximately caused and contributed to, in whole or in part, the incidences, losses, and damages alleged. In the event Plaintiff is awarded any damages, the amount of such should be reduced by the comparative fault of Plaintiff and any person whose negligent acts or omissions are imputed to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Offset/Recoupment)

Defendants have suffered damages by reason of Plaintiff's conduct and have the right to offset any amount owed to Plaintiff by way of damage.

## NINTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

### TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs have failed to mitigate their damages and, to the extent of such failure, any damages awarded should be reduced accordingly.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Equitable Relief – Adequate Remedies)

Plaintiff's claims for equitable relief are barred because Plaintiff has an adequate and complete remedy at law, and/or the equitable relief is neither necessary nor proper.

### TWELFTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff's claims are barred in whole or in part by Plaintiff's lack of standing.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiff's claims are barred because she has not suffered any damages as a result of Defendants' alleged conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Performance)

Defendants appropriately, completely, and fully performed any and all obligations and legal duties, if any, arising out of the matters alleged in the Complaint, thus precluding any recovery by Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Fraud)

Plaintiff's claims are barred because plaintiff engaged in fraud against Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiff's claims fail, in whole or in part, because alleged actions, conduct, or practices of Defendants were reasonable, justified, in good faith, lacked malicious intent, and/or innocent.

//

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Acts of Plaintiff)

Defendants allege that the Complaint, and each and every cause of action alleged therein, is barred in that the damages suffered by Plaintiff, if any, were caused by her own acts.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Acts of Third Parties)

Defendants allege that the Complaint and each and every cause of action alleged therein, is barred in that the damages suffered by Plaintiff, if any, were caused by the acts of third parties, over whom Defendants exercise no control.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Compulsory Counterclaim)

Plaintiff's purported claims against Ariel Abittan are compulsory counterclaims in the Related Federal Action between Ariel Abittan and "Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen)". *See* Fed. R. Civ. P. 13(a). By marking this action and the Related Federal Action as related (ECF No. 2), Plaintiff acknowledged that this action and the Related Federal Action concern substantially the same parties, property, transaction, or event. Indeed, Plaintiff's claims arise out of the transactions and occurrences that are the subject matter of Ariel Abittan's claims against Plaintiff in the Related Federal Action. Asserting her claims against Ariel Abittan as counterclaims in that action will not require Plaintiff to add any party over whom the court cannot acquire jurisdiction. Accordingly, Plaintiff must assert her claims against Ariel Abittan as counterclaims in the Related Federal Action.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Compulsory Crossclaim)

Plaintiff's claims against Ariel Abittan are compulsory crossclaims in the Related State Action, in which "Yuting Chen (a/k/a Tiffany Chen, a/k/a Lily Chao)" is a named cross-defendant. *See* Cal. Civ. Proc. Code § 426.30(a). Plaintiff's purported claims, which predate the answer deadline in the Related State Action, arose out of the same transaction, occurrence, or series of transactions or occurrences as the causes of action that are the subject matter of Ariel Abittan's

- 16 -

crossclaims against Yuting Chen in the Related State Action. *See* Cal. Civ. Proc. Code § 426.10(c). Accordingly, Plaintiff must assert her claims against Ariel Abittan as crossclaims in the Related State Action.

Dated: May 16, 2022

**ROCHE FREEDMAN LLP**

*/s/ Brianna K. Pierce*
Brianna Pierce (CA Bar No. 336906)
Constantine P. Economides (*pro hac vice*)
1 SE Third Avenue, Suite 250
Miami, Florida 33131
Tel: (305) 971-5943
Email: bpierce@rochefreedman.com
 ceconomides@rcfllp.com

*Counsel for Defendants*

## **DEMAND FOR JURY TRIAL**

Defendants demand a trial by jury on all jury triable claims and issues in this action.

Dated: May 16, 2022

**ROCHE FREEDMAN LLP**

*/s/ Brianna K. Pierce*
Brianna Pierce (CA Bar No. 336906)
Constantine P. Economides (*pro hac vice*)
1 SE Third Avenue, Suite 250
Miami, Florida 33131
Tel: (305) 971-5943
Email: bpierce@rochefreedman.com
　　　　 ceconomides@rcfllp.com

*Counsel for Defendants*