# Exhibit E

| | |
|---|---|
| 1 | Constantine P. Economides (*pro hac vice forthcoming*) |
| | (Florida Bar No. 118177) |
| 2 | Brianna K. Pierce (CA Bar No. 336906) |
| | ROCHE FREEDMAN LLP |
| 3 | 1 SE 3rd Avenue, Suite 1240 |
| | Miami, FL 33131 |
| 4 | Tel: (305) 851-5997 |
| | Email: ceconomides@rochefreedman.com |
| 5 | bpierce@rochefreedman.com |
| 6 | *Counsel for Defendants* |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| YUTING CHEN, | Case No. 21-cv-09393-YGR |
| PLAINTIFF, | |
| v. | |
| ARIEL ABITTAN, ABRAHAM ABITTAN, RACHEL ABITTAN, BRIAN ABITTAN, JACOB ABITTAN, ALYSSA ABITTAN, ELIANA ABITTAN, ROY GRABER, TOVA GRABER, REALTIME NY LLC, a New York Limited Liability Company, and DOES 1-20, inclusive | |
| DEFENDANTS. | |

## DECLARATION OF JACOB ABITTAN

I, Jacob Abittan, declare as follows:

1. I am a resident of Lawrence, New York.

2. I am Ariel Abittan's brother.

3. I am a third-year law student at Cardozo School of Law in New York, New York. I do not conduct any business or own any assets in California.

4. About fifteen (15) years ago, I traveled to California for a family vacation. It was the first and only time I have ever been to California.

5. I have never interacted with a person known to me as Yuting Chen. I did, however, meet a woman who was engaged in a watch business with my brother, Ariel Abittan ("Ariel"). This woman introduced herself to me as Tiffany Chen ("Tiffany").

6. I met Tiffany on December 10, 2017 at my wedding in Rye, New York. Tiffany's husband, who introduced himself to me as Damien, was the only person who accompanied Tiffany to the wedding. My wedding is the only time I ever met, spoke, saw, or interacted with Tiffany or Damien in any way.

7. While at my wedding, in New York, Tiffany, Damien, and I spoke for approximately one (1) minute. Tiffany and Damien introduced themselves to me and offered their congratulations for my nuptials. We quickly parted ways so that I could speak with the other approximately 500 guests attending my wedding.

8. I never told Tiffany or Damien (or anyone else) that I was a famous, well-connected lawyer. Indeed, I was 22 years old when I met Tiffany and Damien and had not even applied to law school at the time.

9. I have never spoken with Tiffany or Damien about their business with Ariel, their finances, or their families. I have not spoken with Tiffany or Damien since my wedding. I have never called, emailed, or texted Tiffany or Damien. I have never traveled to California to meet with Tiffany or Damien.

10. Other than being Ariel's brother, I have no relationship to any luxury watch business, including the one related to Ariel, Tiffany, and Damien. I have never sold a luxury watch. I have

- 2 -

never purchased a luxury watch for the purpose of reselling it. I have never received a luxury watch as a gift. I have never shared in the proceeds of a luxury watch sale or benefited from the sale of a luxury watch in any way.

11. I did not make an anonymous call to Tiffany (or anyone else) on December 23, 2020. I have never threatened Tiffany, her family, or her children. I did not (anonymously or otherwise) instruct Tiffany to "pay $4.5 million [to Ariel] within a few hours or suffer grave consequences." Compl. ¶64. To the contrary, it is my understanding that Tiffany, through counsel, **offered** to pay Ariel $4.5 million to settle their dispute related to the luxury watch and cryptocurrency businesses.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 16, 2022

*/s/ Jacob Abittan*
Jacob Abittan