# Exhibit G

1  Constantine P. Economides (*pro hac vice forthcoming*)
   (Florida Bar No. 118177)
2  Brianna K. Pierce (CA Bar No. 336906)
   ROCHE FREEDMAN LLP
3  1 SE 3rd Avenue, Suite 1240
   Miami, FL 33131
4  Tel: (305) 851-5997
   Email: ceconomides@rochefreedman.com
5         bpierce@rochefreedman.com

6  *Counsel for Defendants*

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                      **SAN FRANCISCO DIVISION**

11

12 YUTING CHEN,                              Case No. 21-cv-09393-YGR

13                        PLAINTIFF,

14       v.

15

16 ARIEL ABITTAN, ABRAHAM ABITTAN,
   RACHEL ABITTAN, BRIAN ABITTAN,
17 JACOB ABITTAN, ALYSSA ABITTAN,
   ELIANA ABITTAN, ROY GRABER, TOVA
18 GRABER, REALTIME NY LLC, a New York
   Limited Liability Company, and DOES 1-20,
19 inclusive

20                        DEFENDANTS.

21

22

23

24

25

26

27

28

**DECLARATION OF ELIANA ABITTAN**

I, Eliana Abittan, declare as follows:

      1.     I am a resident of Lawrence, New York.

      2.     I am married to Ariel Abittan.

      3.     I am an office assistant. I do not conduct any business or own any assets in California.

      4.     I have never interacted with a woman who introduced herself to me as Yuting Chen.

      5.     On December 10, 2017, I attended my brother-in-law, Jacob Abittan's ("Jacob")

wedding in Rye, New York. I did, however, meet a woman who was engaged in a watch business

with my husband, Ariel Abittan ("Ariel"). This woman introduced herself to me as Tiffany Chen

("Tiffany"). Tiffany attended Jacob's wedding with her husband, Damien. Later on, Tiffany started

using the name Lily Chao.

      6.     In April of 2018, my children and I stayed at Tiffany Chen's house in California. I

did not conduct any business while staying at Tiffany's house. It is my understanding that Ariel

and Tiffany purchased only one watch together after my visit.

      7.     In July of 2018, I began helping Ariel, Tiffany, and Damien with payroll for their

cryptocurrency business. My role did not have any relationship to the watch business.

      8.     I never told Tiffany or Damien (or anyone else) that I owned a big real-estate

development business or that I had developed properties over billions of dollars. I never told Tiffany

or Damien (or anyone else) that I owned numerous premier properties or that Saks Fifth Avenue

was my tenant.

      9.     Other than being married to Ariel, I have no relationship to any luxury watch

business, including the one related to Ariel, Tiffany, and Damien. I have never sold a luxury watch.

I have never purchased a luxury watch. I have never received a luxury watch as a gift. I have never

shared in the proceeds of a luxury watch sale or directly benefited from the sale of a luxury watch.

      10.    I did not make an anonymous call to Tiffany (or anyone else) on December 23, 2020.

I have never threatened Tiffany, her family, or her children. I did not (anonymously or otherwise)

instruct Tiffany to "pay $4.5 million [to Ariel] within a few hours or suffer grave consequences."

1    Compl. ¶64. To the contrary, it is my understanding that Tiffany, through counsel, **offered** to pay

2    Ariel $4.5 million to settle their dispute related to the luxury watch and cryptocurrency businesses.

3       I declare under penalty of perjury that the foregoing is true and correct.

4    Dated: May 16, 2022

                           Eliana Abittan

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28