Constantine P. Economides (*pro hac vice*)
(Florida Bar No. 118177)
Brianna K. Pierce (CA Bar No. 336906)
ROCHE FREEDMAN LLP
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (305) 851-5997
Email:  ceconomides@rochefreedman.com
        bpierce@rochefreedman.com

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YUTING CHEN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ARIEL ABITTAN, ABRAHAM ABITTAN, RACHEL ABITTAN, BRIAN ABITTAN, JACOB ABITTAN, ALYSSA ABITTAN, ELIANA ABITTAN, ROY GRABER, TOVA GRABER, REALTIME NY LLC, a New York Limited Liability Company, and DOES 1-20, inclusive<br><br>　　　　　　　Defendants. | Case No. 21-cv-09393-NC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DECLARATIONS ANNEXED TO DEFENDANTS' ANSWER**<br><br>Date:　　September 7, 2022<br>Time:　　1:00 PM<br>Judge:　Hon. Nathanael Cousins<br>Place:　Courtroom 1, 4th Floor via Zoom |

## I.     INTRODUCTION[1]

Throughout Plaintiff Yuting Chen's ("Plaintiff") Complaint, Plaintiff alleges that Defendants Ariel Abittan, Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Abittan, Eliana Abittan, Roy Graber, Tova Graber, and Realtime NY LLC (collectively, "Defendants") demanded that Chen "immediately pay [Defendants] $4.5 million, threatening that failure to comply would result in grave harm to Chen and her family, as well as a lawsuit against Chen personally." [ECF No. 1] at ¶ 4.[2] Chen claims that, as a result of Defendants' purported "extortion demand," Chen has suffered "constant fear for the safety of her and her family" (¶ 4); "extreme and severe emotional distress" (¶ 124); and monetary damages resulting from the purchase of "security equipment and paying for security guards, which continue to this day" (¶ 125). Based on these allegations, Chen asserts a claim for intentional infliction of emotional distress ("IIED") against Defendants. *Id.* at 18-19. In response, Defendants defended against those false accusations. Specifically, Defendants filed ***sworn*** declarations indicating that the only relevant monetary discussions occurred when Plaintiff (or her alias or agent, Tiffany Chen) offered, ***through counsel***, to pay Ariel Abittan $4.5 million to resolve existing claims between the parties (the "Offer"). *See, e.g.*, (ECF No. 37-1).

Though Chen "does not admit" that the Offer was made (MTS at 2 n.6), Plaintiff moves to strike Defendants' sworn statements as inadmissible settlement communications under Fed. R. Evid. 408 ("Rule 408"). In so moving, Plaintiff has either (1) filed a frivolous motion to strike or (2) filed a frivolous IIED claim against Defendants. Indeed, if no Offer was made, then the statements are not inadmissible under Rule 408, and this motion to strike is frivolous. If, on the other hand, there was an Offer, then Plaintiff's allegation of extortion and all claims arising from such allegation are legally and factually baseless. In any event, Plaintiff's position is untenable and Plaintiff's motion to strike should be denied.

---

[1] Though Defendants oppose Plaintiff's Motion to Strike ("MTS") (ECF No. 40), Defendants preserve and do not waive the rights and defenses under Rules 12(b)(2), 12(b)(3), 12(b)(6), and 12(b)(7). Defendants do not consent to personal jurisdiction.

[2] Citations to "¶" refer to the Complaint (ECF No. 1). Unless otherwise noted, all emphasis has been added, and internal citations have been omitted.

- 2 -

## II.   STANDARD GOVERNING MOTIONS TO STRIKE

"Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Cortina v. Goya Foods, Inc.*, 94 F.Supp.3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*, 133 F.Supp.2d 1177, 1180 (N.D. Cal. 2001)). Accordingly, "motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. SunMicrosys., Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).

"When ruling on a motion to strike, this Court 'must view the pleading under attack in the light most favorable to the pleader.'" *Id.* (citing *RDF Media Ltd. v. Fox Broad. Co.*, 372 F.Supp.2d 556, 561 (C.D. Cal. 2005)). Any doubt concerning the import of the allegations to be stricken "weighs in favor of **denying** the motion to strike." *Romero v. Securus Tech., Inc.*, 216 F.Supp.3d 1078, 1095 (S.D. Cal. 2016).

## III.   ARGUMENT

Plaintiff moves to strike the Offer as a confidential settlement communication while simultaneously "not admit[ing]" that Plaintiff (or her agent or alias, Tiffany Chen) made the Offer to Ariel Abittan. MTS at 2 n.6. As a threshold matter, this position is untenable. On one hand, if the Offer was *not* made, as Plaintiff seems to suggest, then the Offer cannot constitute a confidential settlement communication and Plaintiff's attempt to exclude the Offer pursuant to Rule 408 is frivolous. On the other hand, if the Offer *was* made during (verifiable and written) settlement communications (by and between counsel, as detailed in Defendants' sworn Declarations), Plaintiff's attempt to twist those communications into an IIED claim is equally specious and sanctionable under Rule 11. In either event, the Offer is admissible, as detailed below.

### A.   Plaintiff's Reliance on Rule 408 is Misplaced

Assuming the Offer was made during settlement negotiations—as we must in order to analyze it under Rule 408—Plaintiff's attempt to strike the Offer from the Subject Declarations pursuant to Rule 408 is misplaced. Whether an allegation is potentially admissible as evidence is an issue distinct and distinguishable from whether the allegation is material or pertinent to the pleading. *See, e.g.*, *Chase v. Hobby Lobby Stores, Inc.*, No. 17-CV-00881, 2017 WL 4358146, at

- 3 -

*5 (S.D. Cal. Oct. 2, 2017) ("Defendant conflates a Rule 12(f) motion to strike allegations with a motion to strike evidence based on the rules of evidence. The fact that the survey may be inadmissible under the rules of evidence does not make it 'immaterial' for purposes of a Rule 12(f) motion to strike."). Indeed, mere inclusion of facts in a pleading does **not** constitute their admission into evidence. *See Henrickson v. Tnrbomeca, S.A.*, 2006 WL 3929541 at *2 (E.D. Cal. Dec. 13, 2006) (pleadings, "while generally available to the public, are *not* evidence admitted at trial, nor are they given to the jury for consideration"); *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.,* 301 F.R.D. 487, 491 (C.D. Cal. 2014) ("Evidentiary objections to allegations are typically a non-issue at the pleading stage") (citing *In re McKesson HBOC, Inc. Sec. Litig.,* 126 F.Supp.2d 1248, 1272 (N.D.Cal.2000) (rejecting hearsay objections in the defendants' motion to strike as being a non-issue at the pleading stage)). Accordingly, admissibility of Plaintiff's Offer is not ripe for determination at this stage.

Instead, a determination of admissibility is only ripe once an "offer has actually been made to introduce the challenged material into evidence." *Henrikson v. Turbomeca, S.A.,* 2006 WL 3929541, at *3 (E.D. Cal. Dec. 13, 2006) (quoting *Hanley v. Volpe*, 305 F. Supp. 977, 981 (E D. Wise. 1969)); *see also Liberty Mut. Ins. Co. v. Sumo-Nan LLC,* No. 14-00520, 2015 WL 2449480, at *8 (D. Haw. May 20, 2015) ("At this early stage of the litigation, without so much as an offer of any of the challenged information or documents into evidence, much less an explanation of what any such offer would be intended to prove, the Court cannot discern whether the information that Liberty Mutual seeks to strike is or will be inadmissible under Rule 408(a)." (first citing *Henrikson,* 2006 WL 3929541, at *3**,** then citing *Lopez v. Hartley,* 2010 WL 4718396, at *5 (E.D. Cal. Nov. 12, 2010) ("Evidence should not be submitted to the Court until this action reaches an appropriate stage in litigation for the submission of evidence, such as in response to a motion for summary judgment, at trial, or when specifically requested by the Court."))); *Stewart v. Wachowski*, No. CV-03-2873, 2004 WL 5618386, at *6 (C.D. Cal. Sept. 28, 2004) ("Given the uncertainties that exist regarding the admissibility of Neulak's statements, the disfavored status of motions to strike, and the absence of any allegations by defendants that they are prejudiced by the presence of these statements in the complaint, the court declines to strike paragraph 29 at this time.

Rather, defendants may move to exclude evidence of the [settlement] conversation, if appropriate, at a later stage of the litigation.").

Accordingly, the determination as to whether Plaintiff's Offer is admissible is premature until Defendants offer to introduce the Subject Declarations into evidence.

### B. Rule 408 is Inapplicable to the Offer Irrespective of When Admissibility is Determined

Irrespective of when the Court determines the Offer's admissibility, Rule 408 is inapplicable for two reasons. First, Rule 408 is inapplicable where the claim is based on some wrong that was committed in the course of settlement discussions. *See* 23 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice & Procedure: Evidence § 5314 (1st ed. 1980) ("Rule 408 is . . . inapplicable when the claim is based upon some wrong that was committed in the course of the settlement discussions; e.g., libel, assault, breach of contract, unfair labor practice, and the like. . . . [W]rongful acts are not shielded because they took place during compromise negotiations."); *see also Groupion, LLC v. Groupon, Inc.,* No. C 11-00870, 2012 WL 2054993, at *5 (N.D. Cal. June 5, 2012) ("Rule 408 is inapplicable to communications when they are admitted to prove a wrong that was committed in the course of settlement discussions."). Accordingly, Rule 408 is inapplicable to the Offer because Plaintiff's IIED claim is based on a purported extortion attempt made during settlement discussions. *See Uforma/Shelby Bus. Forms, Inc. v. NLRB*, 111 F.3d 1284 (6th Cir. 1997) (threats made in settlement negotiations were admissible).

Second, Rule 408 does not bar settlement communication offered to prove (or disprove) a claim that was not the subject of the compromise. *See Groupion,* 2012 WL 2054993, at *5 ("Rule 408 only bars the use of compromise evidence to prove the validity or invalidity of the claim that was the subject of the compromise, not some other claim." (first citing *Uforma*, 111 F.3d at 1293-94, then citing Rule 408, advisory committee note, 2006 amendment ("The amendment retains the language of the original rule that bars compromise evidence only when offered as evidence of the 'validity,' 'invalidity,' or 'amount' of the *disputed* claim."))). Here, the Subject Declarations are not offered to prove or disprove claims related to the watch and cryptocurrency businesses—i.e., the subject of the settlement communication—such as breach of fiduciary duty and breach of

- 5 -

contract. Instead, the Offer tends to disprove Plaintiff's claim that Defendants made a $4.5 million "extortion demand" that caused Plaintiff severe emotional distress. And, because the alleged "extortion demand" underlying Plaintiff's IIED claim purportedly occurred *during* settlement communications, Plaintiff's IIED claim could not have been the subject of the Offer. Rule 408, therefore, does not bar the Offer's admissibility.

### C. The Offer is Relevant and Material and, Therefore, Should Not be Stricken

Plaintiff incorrectly argues that the Offer is inadmissible under Rule 408 and, therefore, the Offer should be stricken as an insufficient defense, redundant, immaterial, impertinent, and scandalous. But, as detailed above, it is neither necessary nor proper at this stage for the Court to assess the merits of the Offer's admissibility, and, even if it did, Rule 408 would not render the Offer inadmissible. Aside from relying on Rule 408, Plaintiff offers no factual or legal basis for striking the Offer from Defendants' Subject Declarations. Indeed, the Offer—made in writing and through counsel—is plainly material and relevant to defending against Plaintiff's IIED claim. Accordingly, Plaintiff fails to meet her burden to show that the Offer is "redundant, immaterial, impertinent, or scandalous material." Fed. R. Civ. P. 12(f).

### IV. CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court deny Plaintiff's motion to strike in its entirety. Should the Court grant the motion in any respect, Defendants requests leave to amend. *See Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013) ("Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings.") (citing Fed. R. Civ. P. 15(a)(2)).

Dated: August 10, 2022                          **ROCHE FREEDMAN LLP**

*/s/ Brianna K. Pierce*
Brianna Pierce (CA Bar No. 336906)
Constantine P. Economides (*pro hac vice*)
Florida Bar No. 118177)
1 SE Third Avenue, Suite 250
Miami, Florida 33131
Tel: (305) 971-5943
Email: bpierce@rochefreedman.com
ceconomides@rcfllp.com

*Counsel for Defendants*