Craig A. Hansen (SBN 209622)
  Email: craig@hansenlawfirm.net
Stephen C. Holmes (SBN 200727)
  Email: steve@hansenlawfirm.net
Sarah Wager (SBN 209277)
  Email: sarah@hansenlawfirm.net
Philip E. Yeager (SBN 265939)
  Email: phil@hansenlawfirm.net
Collin D. Greene (SBN 326548)
  Email: collin@hansenlawfirm.net
HANSEN LAW FIRM, P.C.
75 E. Santa Clara Street, Suite 1150
San Jose, CA 95113-1837
Telephone: (408) 715 7980
Facsimile: (408) 715 7001

Jingjing Ye (Admitted Pro Hac Vice)
 Email: yelaw@pm.me
YE & ASSOCIATES, PLLC
3400 N. Central Expy, #500
Plano, TX 75080
Telephone (469) 410-5232

Attorneys for Plaintiff Yuting Chen

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| YUTING CHEN,<br><br>            Plaintiff,<br><br>    v.<br><br>ARIEL ABITTAN, ABRAHAM ABITTAN, RACHEL ABITTAN, BRIAN ABITTAN, JACOB ABITTAN, ALYSSA ABITTAN, ELIANA ABITTAN, ROY GRABER, TOVA GRABER, REALTIME NY LLC, a New York Limited Liability Company, and DOES 1-20, inclusive.<br><br>            Defendants. | Case No.: 21-CV-09393-NC<br><br>**REPLY TO OPPOSITION TO PLAINTIFF YUTING CHEN'S MOTION TO STRIKE PORTIONS OF DECLARATIONS ANNEXED TO DEFENDANTS' ANSWER**<br><br>Date:    September 7, 2022<br>Time:   1:00 PM<br>Place:   Courtroom 1, 4th Floor via Zoom<br>Judge:  Hon. Nethanael Cousins |

## I.  INTRODUCTION

Plaintiff Yuting Chen ("Chen") moved to strike portions of six declarations annexed to the Defendants' amended answer.  These six declarations from individual defendants Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Portal, and Eliana Abittan, attached to the answer as Exhibits B-G, respectively (the "Subject Declarations"), contain the following language[1]:

> I did not make an anonymous call to Tiffany (or anyone else) on December 23, 2020. I have never threatened Tiffany, her family, or her children. I did not (anonymously or otherwise) instruct Tiffany to "pay $4.5 million [to Ariel] within a few hours or suffer grave consequences." Compl. ¶64. To the contrary, it is my understanding that Tiffany, through counsel, **offered** to pay Ariel $4.5 million to settle their dispute related to the luxury watch and cryptocurrency businesses. (Emphasis in Original)

The alleged offer is inadmissible under Federal Rule of Evidence 408 which prevents offers to compromise, or statements made during negotiations to compromise a claim, from being used as evidence in litigation.[2]  As stated in the Motion to Strike, the statements meet each of the 5 categories under FRCP 12(f) for a motion to strike in that: (1) they constitute an insufficient defense; (2) they are redundant; (3) they are immaterial; (4) they are impertinent; and (5) they are scandalous.  (See *Whittlestone, Inc. v. Handi Craft Co.*, 618 F. 3d 970, 973-974 (9th Cir. 2010.)  Therefore, the allegation of an offer to compromise in the Subject Declarations must be stricken pursuant to FRCP 12(f).

Defendants' Opposition to Plaintiff's Motion to Strike is primarily based on the argument that a settlement offer issued by an attorney for Ms. Chen is admissible evidence to rebut the allegation that the Defendants extorted Plaintiff.[3]  However, this tactic is exactly what FRE 408 is designed to prevent because such an offer for compromise "…may be motivated by the offeror's desire for peace rather than from any concession that its position is weak[.]"  (See *Morely-Murphy Co. v. Zenith Electronics Crop.*, 910 F. Supp. 450, 456 (W. D. Wisc. 1996) 450, rev'd on other grounds, 142 F.3d 373 (7th Cir. 1998)).

---

[1] Dkt. 37-2 through Dkt. 37-7.
[2] By filing this Motion, Plaintiff does not admit that any offer to compromise was made.
[3] "Instead, the Offer tends to disprove Plaintiff's claim that Defendants made a $4.5 million 'extortion demand' that caused Plaintiff severe emotional distress."  Dkt. 49, 6:1-2.

Furthermore, as the advisory committee on FRE 408 noted that, as with rules excluding evidence of subsequent remedial measures: (1) the evidence is irrelevant since the offer is motivated by a desire of peace; and (2) the "…promotion of public policy favoring the compromise and settlement of disputes." (See Fed. R. Evid. advisory committee's note to 1972 Proposed Rules). Without this rule, parties will be less likely to make an offer to compromise for fear that such an offer will be used against them in the future.

The Defendants have every right to deny the allegations of the Plaintiff, but that does not then allow them to use inadmissible settlement discussions or offers as evidence or in pleadings. Indeed, the inclusion of that offer was unnecessary to rebut the allegation – the first two sentences in the paragraph already do that.

Because such a settlement offer is not admissible evidence, it has no place in or attached to a pleading and such statements in the six declarations must be stricken.

## II.   ARGUMENT

### A.   Whether an Alleged Settlement Offer was Made or Not is Irrelevant to an FRE 408 Analysis

Without providing any legal support, Defendants argue that because Plaintiff does not admit that the alleged settlement offer was made it is therefore not covered by FRE 408. A simple reading of FRE 408(a)'s "prohibited use" language shows that this is incorrect: "Evidence of the following [offering valuable consideration in attempting to compromise a claim] is not admissible…either to prove or disprove the validity or amount of a disputed claim." Here, Defendants seek to place evidence in a pleading to disprove the allegation the validity of Plaintiffs' claim. Whether or not that evidence is true or not has nothing to do with admissibility. In *Blodgett v. Allstate Ins. Co. Inc.*, 2012 WL 2377031 *4-6 (E.D. Cal. June 12, 2012), the court found that the disputed amounts allegedly offered in a mediation were not pertinent and subject to a motion a strike. Thus, whether the offer was made or not has no bearing on the applicability of FRE 408.

Furthermore, the argument that this motion to strike is frivolous or somehow sanctionable is laughable and without any factual or legal support.

///

B.  **A FRE 408 Analysis is Appropriate in FRCP 12(f) Motions to Strike Settlement Offers Alleged in Pleadings**

Defendants argue that the application of FRE 408 is inappropriate to pleadings or documents attached thereto through an FRCP 12(f) motion prior to trial.  However, the previously cited *Blodgett* case held that, in fact, settlement offers disclosed in pleadings are subject to an FRCP 12(f) motion to strike.  *Id.*  Defendants' Opposition cites two cases that show that, in certain circumstances not applicable here, settlement communications can remain in pleadings.  As detailed below, the distinguishing facts between these cases and the present case are that in the cited cases each respective court could not determine if an offer was made and if statements were prejudicial.

One case Defendants cite is *Stewart v. Wachowski*, 2004 WL 5618386 (C.D. Cal. September 28, 2004).  This copyright case involved the Matrix and Terminator movies, and Warner Bros. sought to strike the following paragraph of the complaint in which the Plaintiff described her interaction with Warner Bros.' in house counsel (Nuelak):

> Plaintiff spoke with Neulak in *April, 1999,* by telephone to discuss the matter. Neulak specifically told plaintiff not to negotiate a settlement because Neulak told plaintiff that she, Neulak, knew for a fact that Warner Brothers, by and through their employees and representatives, had copied plaintiff's protected literary works, including the fact that Neulak personally witnessed the infringing activities herself at Warner Brothers. Neulak asked plaintiff if she had any copies of her book left, and plaintiff affirmed that she did. Neulak then specifically told plaintiff to retain plaintiff's protected literary works as evidence, which plaintiff reasonably interpreted and construed ... to mean the protected literary works would be necessary for purposes of any prospective copyright infringement litigation plaintiff would initiate against Warner Brothers, and others.

*Id.* at *2.

The Court was unable to determine by reading this ambiguous paragraph if it was prejudicial or not, so the Court denied Warner Brothers' motion to strike.  *Id.* at *2-6.

Similarly, in *Liberty Mut. V. Sumo-Nan LLC*, 2015 WL 2449480 (D. Haw. May 20, 2015), the movant insurance company sought to strike letters exchanged between counsel as statements made during negotiations.  The Court refused to do so because "…the Court cannot discern whether the information that Liberty Mutual seeks to strike or will be inadmissible." *Id.* at *8.

Both *Stewart v. Wachowski* and *Liberty Mut. V. Sumo-Nan LLC* involved settlement

communications with <u>no alleged offer to compromise</u>.  This is the distinguishing characteristic between these cases and the present case.  In the present case, the Defendants allege that Plaintiff, through counsel, made a $4.5 million settlement offer.

Additionally, unlike Defendants' cited cases, their Opposition states the specific purpose of including the declarations -- as evidence that: "…the only relevant monetary discussion occurred with Plaintiff (or her alias or agent, Tiffany Chen) offered, **through counsel**, to pay Ariel Abittan $4.5 million to resolve existing claims between the parties." [Emphasis in Original][4]  Thus, there is no doubt as to what the alleged communication was and its purpose which is barred by FRE 408.

Indeed, the facts in the present case are much more similar to *Blodgett v. Allstate Ins. Co. Inc.*, 2012 WL 2377031 *4-6 (E.D. Cal. June 12, 2012).  In that case, Plaintiff alleged that Allsate made specific a $105,170.75 settlement offer as part of a bad faith allegation. *Id.*  The Court struck the settlement offer under FRCP 12(F) because FRE 408 applied and the settlement offer was not necessary for the plaintiff to allege bad faith.  Similar to the present case, it is not necessary for Defendants to place an alleged settlement offer in their pleading for them to deny the Plaintiff's allegations regarding any cause of action.

C.     **FRE 408 Applies to This Alleged Offer**

Defendants' Opposition further argues that FRE 408 does not apply (which is curious given that the two relevant cases Defendants cited, *Stewart v. Wachowski* and *Liberty Mut. V. Sumo-Nan LLC*, both involve FRE 408).

Plaintiffs first argue that a "wrong" occurred during course of settlement discussions which takes the offer out of FRE 408's protection.  However, it is unclear what "wrong" is referenced.  The Opposition states without any factual or legal support that: "…Plaintiff's IIED claim is based on a purported extortion attempt made during settlement discussions."[5]  This statement is baffling because nowhere in the Complaint does Plaintiff allege that the extortion of December 23, 2020 involved settlement discussions.[6]  Furthermore, the Subject Declarations also state that the declarants were *not involved in any settlement negotiations* as indicated below:

---

[4] Defendants' Opposition 2:13-16
[5] Opposition at 5:16-19
[6] Complaint at ¶¶ 4, 64-67, 122-127

> I did not make an anonymous call to Tiffany (or anyone else) on December 23, 2020. I have never threatened Tiffany, her family, or her children. I did not (anonymously or otherwise) instruct Tiffany to "pay $4.5 million [to Ariel] within a few hours or suffer grave consequences. To the contrary, it is my understanding that Tiffany, through counsel, **offered** to pay Ariel $4.5 million to settle their dispute related to the luxury watch and cryptocurrency businesses. [Emphasis in Original][7]

Thus, no "wrong" occurred during settlement negotiations, so the exception to FRE 408 protection when a wrong occurs in settlement negotiations does not apply.

The second argument Plaintiff raises is the exception to FRE 408 when the offer to compromise is not used to prove or disprove the validity of the claim subject to the compromise. Like the first argument, this one presupposes that the parties were in settlement negotiations when neither the Complaint nor the Subject Declarations allege that such negotiations were taking place – in fact, the declarations deny the declarants' involvement with any negotiations whatsoever. The argument also fails because the Complaint numerously and repeatedly references the watch business and seeks relief for misconduct over the watch business.[8] Furthermore, the portions of the Subject Declarations refer to "the dispute related to the luxury watch and cryptocurrency business."

While Defendants attempt to argue that the statements in the Subject Declarations are not being used to show weakness to Plaintiff's claim on the watch business, and instead are only used to the IIED claim, such an argument makes no sense because the Subject Declarations' reference the watch business claim from counsel – not the phone call subject to this litigation – and claim that the declarants were not themselves involved in settlement discussions. This is a blatant violation of FRE 408.

D.  **The Defendants' Remaining Cited Cases do Not Address FRE 408**

Defendants cite numerous other distinguishable or otherwise inapplicable cases that do not involve FRE 408. In *Chase v. Hobby Lobby Stores, Inc.*, 2017 WL 4358146 *5 (S.D. Cal. October 2, 2017), the movant sought to strike a survey attached to the complaint in a consumer rights case. The Court held that this survey may be admissible at trial and denied a FRCP 12(f) motion as it was

---

[7] Dkt. 37-2 through Dkt. 37-7.
[8] Complaint Causes of Action 1-12

not immaterial, impertinent, or scandalous. *Id.* This is highly distinguishable from a settlement offer barred by FRE 408.

In *Henrikson v. Turbomeca, S.A.,* 2006 WL 3929541 (E.D. Cal. Dec. 13, 2006), the movant sought to strike allegations regarding prior litigation and personal crash experiences in a helicopter design defect case. *Id.* The Court held that allegations in the complaint regarding such prior litigation and crash experiences were not scandalous, immaterial, or impertinent. Like *Chase*, *Henrikson* involves allegations not subject to FRE 408's exclusion and is thus inapplicable.

In *Hanley v. Vope*, 305 F. Supp. 977, 980-981 (E.D. Wisc. 1969), the movant sought to strike two exhibits on the basis of hearsay. *Id.* The Court rejected these arguments because a hearsay challenge was premature. *Id.* A hearsay challenge to documents attached to a pleading is highly distinguishable from a settlement communication barred by FRE 408.

In *Lopez v. Hartley*, 2010WL 4718396 (E.D. Cal. November 12, 2010) a prisoner sued the California Dept. of Corrections, and as part of the Court's ruling on a motion to dismiss the complaint, the Court warned the prisoner to "…not attach exhibits to his complaint for the purpose of using them as evidence in later stages of litigation. The Court will not serve as a repository for evidence." *Id.* at 5. Not only does this case not address FRE 408 or FRCP 12(f), but the Defendants' conduct in the present case is more in line with the prisoner, trying to use the Court as a repository for what they believe to be admissible evidence.

### III.   CONCLUSION

For the reasons stated above, the alleged offer to compromise in the Subject Declarations must be stricken.

DATED: August 24, 2022

Respectfully submitted,

HANSEN LAW FIRM, P.C.

By:    /s/ Philip E. Yeager
Craig A. Hansen
Stephen C. Holmes
Philip E. Yeager
Collin D. Greene
HANSEN LAW FIRM, P.C.
75 E. Santa Clara Street, Suite 1150
San Jose, CA 95113-1837
Telephone: (408) 715 7980
Facsimile: (408) 715 7001

Attorneys for Plaintiff Yuting Chen