1  Constantine P. Economides (*pro hac vice*)
   (Florida Bar No. 118177)
2  Brianna K. Pierce (CA Bar No. 336906)
   ROCHE FREEDMAN LLP
3  1 SE 3rd Avenue, Suite 1240
   Miami, FL 33131
4  Tel: (305) 851-5997
   Email:  ceconomides@rochefreedman.com
5          bpierce@rochefreedman.com

6  Attorneys for Defendants Ariel Abittan,
   Abraham Abittan, Rachel Abittan, Brian
7  Abittan, Jacob Abittan, Alyssa Abittan, Eliana
   Abittan, Roy Graber, Tova Graber, and
8  Realtime NY LLC

9

                    **UNITED STATES DISTRICT COURT**
10
                    **NORTHERN DISTRICT OF CALIFORNIA**
11

12  YUTING CHEN,                          Case No. 21-cv-09393-NC

13              Plaintiff,
                                          **CASE MANAGEMENT STATEMENT**
14        v.                              **AND RULE 26(f) REPORT**

15  ARIEL ABITTAN, ABRAHAM ABITTAN,       Complaint Filed: December 3, 2021
    RACHEL ABITTAN, BRIAN ABITTAN,
16  JACOB ABITTAN, ALYSSA ABITTAN,        Judge:   Hon. Nathanael Cousins
    ELIANA ABITTAN, ROY GRABER, TOVA
17  GRABER, REALTIME NY LLC, a New York
    Limited Liability Company, and DOES 1-20,
18  inclusive.

19              Defendants.

20

21

22

23

24

25

26

27

28

1        Pursuant to Federal Rule of Civil Procedure 26, Local Rule 16-9, this Court's Standing

2    Orders, and the Clerk's Notice Setting Zoom Hearing [ECF No. 52], Defendants—**without**

3    **consenting to personal jurisdiction or waiving any challenges to personal jurisdiction**—

4    submit this Joint Case Management Statement and Rule 26(f) Report in advance of the Case

5    Management Conference scheduled for September 28, 2022.[1]

6    **A.**    **<u>Jurisdiction and Service</u>**

7        1.    <u>Plaintiff's Position</u>

8        This Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332. The amount in

9    controversy between the parties exceeds $75,000 and there is complete diversity.

10        All parties have been served and have answered.

11        2.    <u>Defendants' Position</u>

12        At this time, Defendants lack knowledge or information sufficient to form a belief about

13    whether this Court possesses subject matter jurisdiction over this matter because Defendants do not

14    know the person suing them.

15        Defendants allege that personal jurisdiction over Defendants, other than Ariel Abittan, is

16    lacking. Defendants, other than Ariel Abittan, do not consent to personal jurisdiction or waive any

17    challenges to personal jurisdiction. Defendants Abraham Abittan, Rachel Abittan, Brian Abittan,

18    Jacob Abittan, Alyssa Portal (née Abittan), Eliana Abittan, Roy Graber, Tova Graber, and

19    RealTime NY, LLC do not own any assets or conduct any business in California. Defendants Brian

20    Abittan, Jacob Abittan, Alyssa Portal (née Abittan), Roy Graber, Tova Graber have not had any

21    contact with California in over fifteen (15) years. Defendants Abraham Abittan and Rachelle

22    Abittan have spent approximately twenty-four (24) hours in California in the last fifteen (15) years.

23    Approximately two (2) of those hours were spent with Ariel Abittan's business partner, who used

24    the name Tiffany Chen (not Yuting Chen). Defendant Eliana Abittan, accompanied by her children,

25    made one social visit to the California home of Ariel Abittan's business partner, who used the name

---

26    [1] Counsel for Defendants attempted to contact Plaintiff's counsel multiple times by email and

27    phone prior to filing this case management statement. Defendants' counsel informed Plaintiff's counsel that they intended to file the case management statement by 9:30 pm. Having still not

28    heard from Plaintiff's counsel by 11:15 pm, Defendants file this case management statement independently, but includes those portions previously drafted by Plaintiff. All positions stated on behalf of Plaintiff were drafted by Plaintiff's counsel and have not been edited or altered.

Tiffany Chen (not Yuting Chen). Defendant RealTime NY LLC ("RealTime") is a limited liability company formed under the laws of New York with its principal place of business in Lawrence, New York. RealTime buys and sells ultra-luxury watches from and to people throughout the United States and the world. RealTime primarily uses dealers located outside of California and passive online platforms to conduct its business. RealTime does not purposefully direct its business into California over any other domestic or foreign jurisdiction.

All Defendants have been served or accepted service.

**B.**     **Relevant Factual Background**

**1.**  Summary of Plaintiff's Factual Allegations

Plaintiff's action arises from a fraudulent scheme orchestrated by Defendants, namely Ariel Abittan, against Plaintiff.  Plaintiff is a wealthy Chinese immigrant with a limited command of the English language and of American culture.  Defendant Ariel Abittan and his immediate and extended family, who comprise the other Defendants, learned of Plaintiff's financial status and lack of business sophistication and dubbed her as a prime target for a calculated scheme to defraud Plaintiff, and later her friends, for millions of dollars.  With Defendant Ariel Abittan as the front man, the Defendants concocted countless fabricated stories in order to gain and maintain Plaintiff's confidence in his family's wealth and their exclusive connections in the form of celebrities, politicians and the business elite. The sole purpose of their web of lies was to entice Plaintiff into conducting business with Ariel Abittan so that Defendants could infiltrate her life and rip her off. That's exactly what happened.

Starting in or around 2015, Plaintiff developed an interest in luxury watches and discovered that they had a good resale value in secondary markets. Initially as a hobby, Plaintiff started trading extremely high-end, exclusive and highly sought-after luxury watches.  Her trade gradually became more frequent that morphed into a business wherein she would purchase the luxury watches from retailers that she believed to be good investments, then resell them in the secondary market. She found interested buyers through personal connections and online platforms.

Through deception and lies, Ariel Abittan conned his way into forming and maintaining a regular business relationship with Plaintiff in connection with her watch business.  Through this

business relationship, Defendants perpetrated fraud to gain Plaintiff's trust and infiltrated her life, taking advantage of her lifestyle, tricking her into bad business deals, and cheating her out of millions. In particular, Ariel Abittan convinced Plaintiff to give him various watches to show potential buyers. Ariel Abittan claimed to have sold some watches, and wired some portions of some sale proceeds back to Plaintiff, but not in full. When Plaintiff demanded complete payment and an accurate accounting of the profits, Ariel Abittan would come up with some excuses as to why he could not pay the total amount back to Plaintiff. For example, Ariel Abittan told Plaintiff that some customers required financing, hence he could only send her partial payments. But Ariel Abittan did not follow up with any arrears from the people who supposedly financed or documentation on the investment he did for Plaintiff. At other times, Ariel Abittan told Plaintiff that he had held onto and invested the money for her in other ventures based on his financial background and she would get it back plus additional investment income. Plaintiff, however, never received a dime from Ariel Abittan for any such purported investment. Further, there are 12 watches Ariel Abittan took from Plaintiff for which Plaintiff has received zero payment and no confirmation as to the status of the watches – whether they remain in Ariel Abittan's possession or have been sold. In sum, through various lies, Ariel Abittan underpaid Plaintiff not only for the profit that she deserved, but even the out-of-pocket acquisition costs she paid. Taking advantage of her inexperience in business finance, he steadily bled her business and embezzled the proceeds.

Defendant Ariel Abittan also defrauded Plaintiff in relation to payment of his credit card debt. Specifically, he stated that he wanted to have a higher credit line on the credit cards and asked Plaintiff and her friends to use those cards on his behalf. He stated that those cards came with premium points and he could give some of the points to Plaintiff and her friends to use. Believing Ariel Abittan, Plaintiff and her friends started using and repaying the credit cards. However, after a few billing cycles, Plaintiff and her friends started to find that they might not be the only persons using the cards. From month to month, they would be paying more to the credit cards than they would be able to use. For over a year, Plaintiff paid back on Ariel Abittan's credit cards over a million dollars. However, she was not able to use all the credit that she paid off. Essentially, Chen

1    unwittingly paid off Ariel Abittan's credit card debt.  The overall discrepancy between the amount

2    Plaintiff used on the card and the amount she paid out was over $400,000.

3          When Plaintiff figured out that Ariel Abittan was a con artist she cut ties with him, so

4    Defendants tried to extort her. The Defendants demanded that Plaintiff immediately pay $4.5

5    million, threatening that failure to comply would result in grave harm to Plaintiff and her family,

6    as well as a lawsuit against Plaintiff personally.

7          Plaintiff seeks recovery in this action for her tremendous financial losses resulting from her

8    business relationship with Ariel Abittan, induced and maintained with the assistance of the

9    remining co-conspirator Defendants who are believed to have financially benefitted from the

10   business transactions, and mental/emotional anguish resulting from their deceitful and malicious

11   conduct.

12         2.  <u>Defendants' Statement Regarding Plaintiff's Allegations</u>

13         At this time, Defendants lack knowledge or information sufficient to fully respond to

14   Plaintiff's allegations because Defendants do not know who is suing them.

15         On December 24, 2020—nearly a full year before this action commenced—Defendant Ariel

16   Abittan filed suit against a woman with whom he had been conducting business for more than four

17   years.[2] When Ariel Abittan first met the woman, she used the name "Tiffany Chen." Subsequently,

18   Tiffany Chen told Ariel Abittan to call her "Lily Chao" in public. Irrespective of the names she

19   used publicly, the woman—for years—directed Ariel Abittan to wire her money to a bank account

20   in the name of Yuting Chen and to mail her packages using a mailing address associated with

21   Yuting Chen. The woman claimed to own a house and an apartment leased under the name Yuting

22   Chen. Consequently, Ariel Abittan believed that the woman had a legal name of Yuting Chen, with

23   aliases of Tiffany Chen and Lily Chao.

24         As Plaintiff acknowledges in the complaint, "a great deal" of Ariel Abittan's and the

25   woman's "business was conducted in person." [ECF No. 1] ¶ 46. As alleged, "Ariel Abittan would

26   fly regularly to California and meet Chen in her residential city of Atherton." *Id.* Indeed, on

27

28   _____

[2] *See Ariel Abittan v. Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen), et al.*, District Court of
Northern California, Case No. 20-cv-09340 (the "Related Federal Action").

1   approximately two dozen occasions, Ariel Abittan stayed at the woman's home. Ariel Abittan spent

2   hundreds of hours working face-to-face with the woman and her husband to buy and sell ultra-

3   luxury watches and, eventually, to build a successful financial technology business.

4       In or around December of 2017, Ariel Abittan invited the woman (and her husband) to

5   Defendant Jacob Abittan's wedding, where the woman met many of the Defendants for the first

6   (and only) time. The woman—who was only accompanied by her husband and no other women—

7   introduced herself as Tiffany Chen. Later on, Defendants Abraham Abittan, Rachel Abittan, and

8   Eliana Abittan knew that the woman used the name Lily Chao. Defendants Roy and Tova Graber

9   never met the woman at all. Regardless of the name, there was one woman with whom Ariel Abittan

10  conducted business. Some of Ariel Abittan's relatives, named as Defendants in this litigation, met

11  that woman. Other Defendants did not. Ariel Abittan never did business with a second woman

12  going by any of those names, and none of the other Defendants ever met a second female business

13  partner or business contact of Ariel Abittan.

14      When Ariel Abittan's and the woman's business relationship soured, Ariel Abittan sued the

15  woman as "Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen)" in the Related Federal Action and

16  as Yuting Chen (a/k/a Tiffany Chen, a/k/a Lily Chao) in a related state action.[3] Ariel Abittan alleges

17  in both of those actions that, *inter alia*, he and the woman partnered to buy and sell ultra-luxury

18  watches, she failed to pay Ariel Abittan his share of the proceeds from several watch sales, she

19  failed to contribute her share of the cost to acquire certain watches, and she sold or retained twenty-

20  four (24) watches for which Ariel Abittan has received no compensation. *See, e.g.*, Related Federal

21  Action, [ECF No. 1] at ¶¶ 196-98.

22      On July 9, 2021, Yuting Chen filed a sworn declaration in the Abittan Action, stating: "I

23  am aware that plaintiff Ariel Abittan has submitted a declaration in this matter in which he makes

24  allegations about an individual who he claims is Lily Chao, and that in this case, he appears to

25  confuse me with Lily Chao. I am not lily [sic] Chao and Lily Chao is not my sister." Related Federal

26  Action, [ECF No. 74]. The declarant did **not** clarify whether she is the former business partner

27  against whom Ariel Abittan has raised claims. She did not acknowledge that she has used the name

28

---

[3] *See Temujin Labs Inc., et al. v. Ariel Abittan, et. al.*, Superior Court of California, County of Santa Clara, Case No. 20CV372622

Lily Chao as an alias. She did not acknowledge that Lily Chao is a different individual whom she knows. And she did not attempt to clear up the source of any issues of mistaken identity.

Instead, on December 3, 2021, Yuting Chen—represented by the same counsel appearing on behalf of Lily Chao in the Related Federal Action and on behalf of Yuting Chen in the Related State Action—filed the instant complaint. Counsel and their client(s) appear to be taking the position that Yuting Chen is a different person than Lily Chao, that Yuting Chen is the person who engaged in the watch business with Ariel Abittan, and that Lily Chao is a third-party with no connection to the watch transactions described in either complaint. Yet, counsel and their client(s) have refused to state those precise facts under oath via a declaration or produce any evidence that identifies Yuting Chen as the woman with whom Ariel Abittan conducted business.

In sum, Ariel Abittan was engaged in one watch business with one woman between 2016 and 2020 and that person used the name Lily Chao, Tiffany Chen, and Yuting Chen at different times in different contexts. Until that person identifies herself under oath, Defendants are left wondering exactly *who* Plaintiff is. If she is not the woman who used the names "Lily Chao" and "Tiffany Chen," then this action is frivolous.

In any event, each and every allegation related to Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Abittan, Eliana Abittan, Roy Graber, and Tova Graber (the "Family Defendants") is both legally and factually baseless. Aside from being Ariel Abittan's family members, the Family Defendants have no relationship to Ariel Abittan's watch business. They have never sold a luxury watch, purchased a luxury watch for resell, received a luxury watch as a gift, shared in the proceeds of a luxury watch sale, or benefited from the sale of a luxury watch.

## C.   Legal Issues

### 1. Plaintiff's Position

Plaintiff anticipates the following disputed points of law, among others, will arise in this case:

- Whether Defendant Ariel Abittan is liable for breach of contract related to the watch business;

- Whether Defendant Ariel Abittan is liable for breach of contract related to the credit

card debt;

- Whether Defendant Ariel Abittan is liable for breach of fiduciary duty;

- Whether the Co-Defendant family members are liable for aiding and abetting breach of fiduciary duty;

- Whether Defendants are liable for fraud;

- Whether Defendant Ariel Abittan is liable for conversion;

- Whether Defendants are liable for unjust enrichment;

- Whether a constructive trust should be imposed against the Defendants;

- Whether the Court should issue declaratory relief against Defendant Ariel Abittan;

- Whether the Court should order an accounting by Defendant Ariel Abittan;

- Whether Defendants are liable for intentional infliction of emotional distress; and

- Whether Defendants are liable for civil conspiracy.

2. Defendants' Position

As noted above, Defendants do not have adequate information to fully understand what disputes of law will arise in this action because Defendants do not know the identity of the person suing them. Defendants need more information before they can complete an analysis of the legal issues in this action and assess whether the claims brought are frivolous and subject to sanctions.

D.   **Motions**

| MOVING PARTY | MOTION | STATUS |
|---|---|---|
| Defendants | Motion for Administrative Relief Regarding Defendants' Time to Respond to the Complaint filed 4/13/22 | Denied as Moot on 4/29/22 |
| Plaintiff | Plaintiff Yuting Chen's Motion to Strike Portions of Declarations Annexed to Defendants' Answer | Denied on 8/28/22 |

Defendants anticipate filing a motion for judgment on the pleadings relating to this Court's lack of personal jurisdiction over Defendants (other than Ariel Abittan). Depending on Plaintiff's identity, Defendants cannot rule out filing a motion for sanctions pursuant to Rule 11; however,

1   Defendants will not file any such motion until they have fully complied with the safe harbor

2   provision of Rule 11. Defendants also submit that motions for summary judgment and/or other

3   substantive motions may be appropriate in due course.

4   **E.**   **Amendment of Pleadings**

5          Plaintiff does not anticipate amending the pleadings at this time.

6          On May 16, 2022, Defendants filed an amended answer, as of right, pursuant to Rule

7   15(a)(1)(B). Defendants do not anticipate amending the pleadings further at this time, but reserve

8   the right to seek leave to amend the pleadings further if newly discovered evidence emerges.

9   **F.**   **Evidence Preservation**

10         Counsel for the parties have met and conferred about the preservation of evidence relevant

11  to the issues reasonably evident in this action. The parties additionally certify that the parties have

12  reviewed the Guidelines for the Discovery of Electronically Stored Information, understand their

13  preservation obligations, and have implemented document preservation protocols.

14  **G.**   **Disclosures**

15         1. Plaintiff's Position.

16         In accordance with the Stipulation Re Service and Joint Request to Continue Case

17  Management Conference and Related Deadlines with Order (ECF No. 26), the parties exchanged

18  initial disclosures on May 16, 2022.  Defendants take issue with Plaintiff's initial disclosures,

19  including the assertion that Plaintiff fails to provide a description by category and location of

20  documents that Plaintiff may use to support her claims or defenses.  Yet, all Defendants included

21  in their corresponding section was:

22         "(a) Financial documents, including wires and check

23         (b) Text messages and emails

24         (c) Documentation regarding investments, expenditures, and assets in the

25         cryptocurrency business and watch business between Ariel Abittan and the woman and

26         man with whom he conducted business"

27  The parties have not yet met and conferred regarding the initial disclosures.  However, Plaintiff

28  will meet and confer with Defendants in good faith to resolve any disputes related to both

1   Plaintiff's and Defendants' disclosures.

2        2. <u>Defendants' Position</u>.

3        Defendants will meet and confer with Plaintiff in good faith to resolve any disputes related

4   to disclosures.

5   **H.        <u>Discovery</u>**

6        On May 2, 2022, the parties met and conferred on the scope and timing of discovery.  The

7   parties met and conferred on a deposition date of Plaintiff. Plaintiff stated that she was unavailable

8   until August 2022 due to travel to China, but now that Plaintiff has returned, Defendants intend to

9   notice Plaintiff's deposition shortly and will meet and confer with Plaintiff's counsel on a mutually

10  agreeable date.

11       No other discovery has been propounded to date.

12       1.    **<u>Plaintiff's Rule 26(f) Report</u>**

13          a.   <u>Proposed Changes to Rule 26(a)(1) Disclosures</u>

14               i.    Initial disclosures were exchanged on May 16, 2022.

15               ii.   No changes to the standard requirements were necessary.

16          b.   <u>Scope and Subjects of Discovery</u>

17               i.    Without prejudice to her rights to seek discovery on any relevant issues,

18                     Plaintiff contemplates that she will need and seek discovery concerning all

19                     factual, evidentiary, and legal support from Defendants and any relevant non-

20                     party regarding Plaintiff's claims and theories of liability and damages.

21               ii.   Plaintiff contemplates that Defendants will seek discovery concerning the basis

22                     of Plaintiff's claims, theories of liability and damages, Defendants' defenses to

23                     each, and any and all factual, evidentiary, and legal support.

24               iii.  The anticipated method of future discovery will include: (1) written discovery

25                     in the form of Interrogatories, Requests for Admissions, and Requests for

26                     Production of Documents; (2) written discovery via issuance of subpoenas to

27                     third parties; (3) oral depositions of Plaintiff, Defendants, and "person(s) most

28                     knowledgeable" under Rule 30(b)(6); and (4) oral depositions via consent or

issuance of subpoenas to third parties.

iv.   Supplementations under Rule 26(e) are due in reasonable time after material, relevant facts are learned, or by court order.

v.   Discovery deadlines shall be set by the Court.

c.   <u>Issues Relating to Electronically Stored Information</u>

i.   Plaintiff does not anticipate any issues relating to disclosure or discovery of electronically stored information.

ii.   The parties will address any such issues in the event they arise.

d.   <u>Procedures for Resolving Disputes Regarding Claims of Privilege</u>

i.   Rule 26(b)(5) should apply to any claims of privilege or protecting materials asserted as being for trial-preparation.

ii.   Plaintiff respectfully requests that this proposed procedure be adopted within the Court's further orders.

e.   <u>Other Orders</u>

i.   The Parties are meeting and conferring on the form of a stipulated protective order.

ii.   Plaintiff requests a scheduling order under Rule 16(b).

iii.   Plaintiff does not request an order under Rule 16(c) at this time.

f.   <u>Changes in Discovery Limitations</u>

i.   Plaintiff anticipates that she will need more than ten (10) depositions, as well as an additional ten (10) interrogatories, making a total of 35, because of the extensive fraudulent scheme carried out by the ten Defendants. These limitations may need to be revisited if Plaintiff's Complaint is amended and other parties are added.

ii.   Otherwise, Plaintiff does not currently anticipate any other changes to the limitations on discovery proposed by the Federal Rules of Civil Procedure, but reserves the right to seek appropriate relief and modifications to the discovery limitations from the Court if necessary.

**2.  Defendants' Rule 26(f) Report:**

Defendants provide the following information in connection with the Rule 26(f) Report:

a.   Scope and Subjects of Discovery

    a.   Defendants cannot fully assess the scope or subjects of discovery until they understand the identity of Plaintiff. Nevertheless, without prejudice to their rights to seek discovery on any relevant issues, Defendants contemplate that they will need and seek discovery concerning all factual, evidentiary, and legal support from Plaintiff and any relevant non-party regarding Plaintiff's claims and theories of liability and damages.

    b.   Defendants contemplate that Plaintiff will seek discovery concerning the basis of Plaintiff's claims, theories of liability and damages, Defendants' defenses to each, and any and all factual, evidentiary, and legal support.

    c.   The anticipated method of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; (3) oral depositions of Plaintiff, Defendants, Plaintiff's agents employees, agents, and "person(s) most knowledgeable" under Rule 30(b)(6); and (4) oral depositions via consent or issuance of subpoenas to third parties.

    d.   Defendants respectfully submits that no limitations or phases should be imposed on conducting written discovery or depositions. Defendants submit that the parties should be permitted to serve written discovery, as well as take depositions, at any time following the initial case management conference.

    e.   Supplementations under Rule 26(e) are due in reasonable time after material, relevant facts are learned, or by court order.

    f.   Discovery deadlines shall be set by the Court.

b.   Issues Relating to Electronically Stored Information

    a.   Defendants do not anticipate any issues relating to disclosure or discovery of electronically stored information.

b.  The parties will address any such issues in the event they arise.

c.  <u>Procedures for Resolving Disputes Regarding Claims of Privilege</u>

  a.  Rule 26(b)(5) should apply to any claims of privilege or protecting materials asserted as being for trial-preparation.

  b.  Defendants respectfully request that this proposed procedure be adopted within the Court's further orders.

d.  <u>Other Orders</u>

  a.  Defendants are willing to immediately enter into a protective order, and have already drafted and circulated a protective order to Plaintiff, which is based on the model protective order in the Northern District of California.

  b.  Defendants request a scheduling order under Rule 16(b).

  c.  Defendants do not request an order under Rule 16(c) at this time.

e.  <u>Changes in Discovery Limitations</u>

  a.  Defendants anticipate that they will need more than seven (7) hours to depose Plaintiff in order to understand Plaintiff's identity and her relationship to the women and men with whom Defendant Ariel Abittan conducted business.

  b.  Otherwise, Defendants do not currently anticipate any other changes to the limitations on discovery proposed by the Federal Rules of Civil Procedure, but reserves the right to seek appropriate relief and modifications to the discovery limitations from the Court if necessary.

**I.    Class Actions**

Not applicable.

**J.    Related Cases**

1.  <u>Plaintiff's Statement</u>

Plaintiff submits the following case is related to this action solely because Ariel Abittan intentionally misnamed Plaintiff Yuting Chen as an "A/K/A" of Lily Chao:

- *Ariel Abittan v. Lily Chao (A/K/A Tiffany Chen, A/K/A Yuting Chen), Damien Ding (A/K/A Damien Leung, A/K/A Tao Ding), Temujin Labs Inc. (a Delaware Corporation), and Temujin Labs Inc. (A Cayman Corporation)*, United States District Court, Northern District of California, San Jose Division, Case No. 5:20-cv-09340-NC.

1

2. <u>Defendants' Statement</u>

2

Defendants submit the following cases are presently related to this action:

3

- *Ariel Abittan v. Lily Chao (A/K/A Tiffany Chen, A/K/A Yuting Chen), Damien Ding*

4

*(A/K/A Damien Leung, A/K/A Tao Ding), Temujin Labs Inc. (a Delaware*

5

*Corporation), and Temujin Labs Inc. (A Cayman Corporation)*, United States

6

District Court, Northern District of California, San Jose Division, Case No. 5:20-

7

cv-09340-NC (the "Related Federal Action"); and

8

- *Temujin Labs Inc. (Delaware) v. Ariel Abittan, Benjamin Fisch, and Charles Lu,*

9

*and Does 1-10, inclusive*, Santa Clara County Superior, Case No. 20CV372622

10

(the "Related State Action");

11

- *Temujin Labs Inc. (Delaware) v. Franklin Fu*, Santa Clara County Superior Court,

12

Case No. 28-21CV375422;

13

- *Temujin Labs Inc., a Delaware corporation, and Temujin Labs Inc., a Cayman*

14

*Islands corporation v. Translucence Research Inc., a Delaware corporation,*

15

*Benjamin Fisch, Charles Lu, Benedkit Bunz, Nathan McCarty, Fernando Krell,*

16

*Philippe Camacho Cortina, Binyi Chen, and Luoyuan (Alex) Xiong, and Does 1-*

17

*20, inclusive,* San Francisco Superior Court, Case No. CGC21596745;

18

- *Temujin Labs Inc., a Delaware corporation, and Temujin Labs Inc., a Cayman*

19

*Islands corporation v. Translucence Research Inc., a Delaware corporation,*

20

*Benjamin Fisch, Charles Lu, Benedkit Bunz, Nathan McCarty, Fernando Krell,*

21

*Philippe Camacho Cortina, Binyi Chen, and Luoyuan (Alex) Xiong, and Does 1-*

22

*20, inclusive,* United Stated District Court, Northern District of California, San

23

Francisco Division, Case No. 3:21-cv-09152.

24

**K.**   **<u>Relief</u>**

25

1. <u>Plaintiff's Statement</u>

26

Plaintiff requests the following relief:

27

- For declaratory relief, stating and confirming that all unsold luxury watches and

28

income from watch sales belong exclusively to Plaintiff.

- For preliminary and permanent injunctive relief, restraining Ariel Abittan from selling, gifting or otherwise disposing of the luxury watches that came to him through his business dealings with Plaintiff.
- For an accounting.
- For imposition of a constructive trust over all Plaintiff's watches and money currently in the possession of any Defendant.
- For compensatory, special, incidental and consequential damages according to proof.
- For exemplary and punitive damages to the extent permitted by law.
- For recovery of the unjust enrichment obtained by Defendants as a result of their wrongful conduct.
- For an award of prejudgment interest, cost of suit, and reasonable attorneys' fees to the extent permitted by contract or by operation of law.
- For such other and further relief as the Court may deem just and proper.

    2.   Defendants' Statement

As noted above, Defendants cannot fully assess the requested relief in this action until they understand Plaintiff's identity. In any event, however, Defendants deny that they have caused any injury to Plaintiff and deny that Plaintiff is entitled to the relief she seeks.

**L.      Settlement and ADR**

Plaintiff will file an ADR Certification by Parties and Counsel pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5(b), which certifies that counsel for all parties discussed the selection of an ADR process, and that based on such discussion, the parties prefer to discuss ADR selection at the case management conference.

**M.      Consent to Magistrate Judge for All Purposes**

Plaintiff filed a declination to proceed before a Magistrate Judge and this case was subsequently reassigned to the Honorable District Judge Yvonne Gonzalez Rogers.  However, pursuant to Stipulation Consenting to Judge Nathanael Cousins Conducting All Further Proceedings in this Matter; Order [ECF No. 43], the parties consented to have United States

1  Magistrate Judge Nathanael Cousins conduct all further proceedings in this case, including trial

2  and entry of final judgment, and Judge Yvonne Gonzalez Rogers granted that order. Accordingly,

3  the case was subsequently transferred to United States Magistrate Judge Nathanael Cousins for all

4  purposes.

5  **N.     Other References**

6      None.

7  **O.     Narrowing of Issues**

8      The parties respectfully submit that it is premature to consider agreement to narrow issues

9  for trial or to expedite the presentation of evidence at trial. The parties respectfully submit that it

10  would be inappropriate to bifurcate any issues, claims, or defenses at this time.

11  **P.     Expedited Trial Procedure**

12      The parties respectfully submit that this case is not appropriate for proceedings pursuant to

13  the expedited trial procedure of General Order No. 64, Attachment A.

14  **Q.     Scheduling**

15      The parties agree to have this Court set deadlines.

16      The parties respectfully submit that a scheduling order should be promptly entered.

17  **R.     Trial**

18      Plaintiff has demanded a jury trial of her claims against Defendants. The parties

19  respectfully submit that it is premature to estimate an expected length of the trial.

20  **S.     <u>Disclosure of Non-Party Interested Entities or Persons</u>**

21      1.   <u>Plaintiff's Statement</u>

22  Plaintiff has filed a Certificate of Interested Entities or Persons.

23      2.   <u>Defendant's Statement</u>

24  Defendant RealTime NY, LLC will file a Certification of Interested Entities or Persons

25  pursuant to Civil L.R. 3-15.

26  **T.     <u>Professional Conduct</u>**

27      All attorneys of record for the parties can certify that they have reviewed the Guidelines for

28  Professional Conduct for the Northern District of California.

U.    **Other Matters**

1.    Plaintiff's Position:

Plaintiff does not believe any other matters are appropriate for discussion at this time.

2.    Defendant's Statement:

Defendants respectfully submit that the timing of Plaintiff's deposition is ripe for discussion with the Court. As detailed above, Defendants do not know who is suing them. On March 31, 2022, Defendants' counsel wrote to Plaintiff's counsel, stating that Defendants cannot accurately respond to the complaint until they understand *who* is asserting causes of action against them. Defendants requested that Plaintiff stipulate to a brief deposition—expressly limited in scope to identifying Yuting Chen and differentiating her from Tiffany Chen and Lily Chao. Plaintiff did not so stipulate.

On April 5, 2022 and April 8, 2022, during a meet and confer and subsequent email communication, Defendants' counsel asked Plaintiff's counsel to stipulate to a narrowly tailored identity-based deposition. Plaintiff's counsel did not agree.

Accordingly, on April 13, 2022, Defendants filed a motion for administrative relief (ECF No. 28), together with a joint discovery letter relating to Defendants' request for pre-Rule 26(f) conference deposition of Yuting Chen for the purpose of identification (ECF No. 29). Defendants' motion was not ruled on prior to the deadline for filing a responsive pleading, and, therefore, on April 25, 2022, Defendants filed their answer. [ECF No. 32]. Nevertheless, Plaintiff's identity remains unknown to Defendants.

On May 2, 2022, counsel for all parties participated in the Rule 26(f) conference, at which time Defendants' counsel reiterated Defendants' need for an immediate deposition of Yuting Chen. Defendants' counsel asked for deposition dates, noting that leave of court was no longer necessary after the Rule 26(f) conference. Plaintiff's counsel did not provide a date and would not commit to providing a deposition date to Defendants.

On May 3, 2022, Defendants' counsel memorialized their request for deposition dates via email. Defendants asked Plaintiff to provide deposition dates by May 13, 2022, noting that if Plaintiff refused to provide a date, Defendants would notice Plaintiff's deposition, pursuant to Rule 30. On May 9, 2022, Defendants' counsel followed up on their request for deposition dates via

1  email. Plaintiff did not provide dates on either occasion.

2          On May 13, 2022, Defendants requested deposition dates again.  Plaintiff's counsel

3  responded stating: "Tragically, Yuting Chen's mother in China just suffered a stroke.  Yuting will

4  be flying to China ASAP to take care of her mother in China through the end of July. . . Thus, the

5  earliest Ms. Chen can appear for deposition when she returns from China, and for when we are

6  available, is August 18 or 19." Plaintiff submitted that all discovery, including written discovery,

7  should be stayed until Plaintiff returns from China in August.

8          Now that it is September, Defendants submit that Plaintiff's deposition should be scheduled

9  without further delay. Defendants will meet and confer with Plaintiff's counsel regarding a

10  deposition date, but if no such date is provided by Plaintiff, Defendants ask that this Court order

11  Plaintiff to sit for a deposition related to her identity within the next seven (7) days, or, in the

12  alternative, dismiss Plaintiff's complaint without prejudice.

13  Dated: September 21, 2022                    Respectfully Submitted,

14

15                                             /s/Brianna K. Pierce
                                               Brianna K. Pierce (CBN 336906)
16                                             Constantine P. Economides (*pro hac vice*)
                                               ROCHE FREEDMAN LLP
17                                             1 SE Third Avenue, Suite 250
                                               Miami, Florida 33131
18                                             Tel: (305) 971-5943

19                                             Email: ceconomides@rochefreedman.com
                                                          bpierce@rochefreedman.com
20
                                               *Counsel for Defendants*
21

22

23

24

25

26

27

28