| | |
|---|---|
| Constantine P. Economides (*pro hac vice*) | Jingjing Ye (Admitted Pro Hac Vice) |
| Brianna K. Pierce (CBN 336906) | Email: yelaw@pm.me |
| FREEDMAN NORMAND | YE & ASSOCIATES, PLLC |
| FRIEDLAND LLP | 3400 N Central Expy Suite 110-132 |
| 1 SE 3rd Avenue, Suite 1240 | Richardson, TX 75080 |
| Miami, FL 33131 | Telephone (469) 410-5232 |
| Tel: (305) 971-5943 | |
| Email: ceconomides@fnf.law | James Cai (SBN: 200189) |
| bpierce@fnf.law | jcai@sacattorneys.com |
| | Brian A. Barnhorst (SBN: 130292) |
| *Attorneys for Ariel Abittan, Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Abittan, Eliana Abittan, Roy Graber, Tova Graber, and Realtime NY LLC* | bbarnhorst@sacattorneys.com |
| | Jackson D. Morgus (SBN: 318453) |
| | jmorgus@sacattorneys.com |
| | Raymond G. Hora (SBN: 335123) |
| | rhora@sacattorneys.com |
| | SAC ATTORNEYS LLP |
| | 1754 Technology Drive, Suite 122 |
| | San Jose, CA 95110 |
| | Telephone: (408) 436-0789 |
| | |
| | *Attorneys for Yuting Chen, Lily Chao, Damien Ding, and Temujin Labs Inc., a Cayman Islands Corporation* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ARIEL ABITTAN, | Case No. 20-CV-09340-NC |
| Plaintiff, | Filed: December 24, 2020 |
| v. | **JOINT STATUS UPDATE REGARDING INITIAL DISCLOSURES** |
| LILY CHAO, et. al. | |
| Defendants, | Judge: Hon. Nathanael Cousins |
| and | |
| EIAN LABS INC., | |
| NOMINAL DEFENDANT. | |
| YUTING CHEN, | Case No. 21-CV-09393-NC |
| Plaintiff, | Filed: December 3, 2021 |
| v. | |
| ARIEL ABITTAN, et. al., | |
| Defendants. | |

Pursuant to this Court's February 8, 2023 paperless Order [ECF No. 173] in Case No. 5:20-CV-09340 (the "Abittan Case") and [ECF No. 70] in Case No. 5:21-CV-09393 (the "Chen Case"), Plaintiff Ariel Abittan ("Abittan") and Defendants Lily Chao, Damien Ding, and Temujin Labs Inc. (the "Abittan Case Defendants"), and Plaintiff Yuting Chen ("Chen") and Defendants Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Abittan, Eliana Abittan, Roy Graber, Tova Graber, and Realtime NY LLC (together with Abittan, the "Chen Case Defendants")[1] submit this joint status update regarding initial disclosures.

## ABITTAN'S AND THE CHEN CASE DEFENDANTS' POSITIONS

### I. The Abittan Case

On February 22, 2023, the Abittan Case Defendants served supplemental disclosures. On February 28, 2023, via email, counsel for Abittan raised several remaining deficiencies with counsel for the Abittan Case Defendants. On March 1, 2023, counsel for the parties met and conferred in an attempt to resolve the outstanding dispute. After the meet and confer, the Abittan Case Defendants served second amended disclosures. The following issues remain between the parties.

A. Witness Disclosures

Abittan previously requested an order directing the Abittan Case Defendants to identify the subjects of discoverable information known by each witness with greater detail. The Court declined to order supplementation due to the small number of witness (all four of whom would likely be deposed). By their supplement, however, the Abittan Case Defendants have added an additional twenty-five (25) witnesses to their disclosure list. Given the dramatic increase in witnesses, Abittan renews his request for an order directing the Abittan Case Defendants to identify each witnesses' specific subjects of knowledge.

Moreover, during the meet and confer, counsel for the Abittan Case Defendants represented that the new witnesses are employees related to the Findora Project. However, the Abittan Case Defendants do not include any contact information for these individuals (which they presumably

---

[1] The Chen Case Defendants, other than Ariel Abittan, do not consent to personal jurisdiction or waive any challenges to personal jurisdiction by filing this joint discovery letter.

know, given the witnesses' status as employees of the Findora Project). Abittan, therefore, requests an order directing the Abittan Case Defendants to produce all known contact information.

B. Document Disclosures

Other than adding a sentence about an ongoing investigation, the Abittan Case Defendants did not supplement the document disclosures as required by the Court's Order. Therefore, the Abittan Case Defendants' document disclosures continue to lack the specificity required by Rule 26.

**II.     Chen Case**

On February 22, 2023, the Abittan Case Defendants served supplemental disclosures. On February 28, 2023, via email, counsel for the Chen Case Defendants raised several remaining deficiencies with counsel for Chen. On March 1, 2023, counsel for the parties met and conferred in an attempt to resolve the outstanding dispute. The following issues remain between the parties.

A. Document Disclosures

Ms. Chen did not supplement the categories of documents within her possession, custody, or control, as ordered by the Court. Thus, the description of document categories remains deficient. As to location, Ms. Chen added a sentence stating that the "location of these documents is in the care of Plaintiff's undersigned counsel's office." However, during the meet and confer, counsel for Ms. Chen clarified that they are not in possession of Ms. Chen's documents. Abittan, therefore, requests an order directing supplementation of both the categories and location of documents.

B. Damages Disclosures

While Ms. Chen identified a general computation of damages, that computation is not supported by the financial documentation that Ms. Chen admits is within her possession, custody, or control. Specifically, Ms. Chen represents that she has "financial statements evidencing relevant payments made[.]" Counsel for Ms. Chen admitted to having this information but submitted that the financial statements showing payments made for the watches are not "relevant" to Ms. Chen's damages calculation.  Rule 26 states that parties "must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or

protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Accordingly, Ms. Chen's damages disclosure—without the production of the financial documents—remains deficient. The Chen Case Defendants' submit that Ms. Chen should be ordered to produce the supporting financial documentation.

## CHEN'S AND THE ABITTAN CASE DEFENDANTS' POSITION

After the hearing date, Chen and Abittan Case Defendants amended their respective initial disclosures. Chen served her Second Amended Initial Disclosure to identify additional individuals, amended the location of the documents, and provided an initial calculation of damages. Abittan Case Defendants served their Amended Initial Disclosure to identify additional individuals and amended the documents.

Afterwards, Counsel for the parties met and conferred to try and narrow down the issues. Chen agreed, and did disclose, the document of the initial computation of damages along with a list of Patek Philippe watches in support of her damages allegation. Abittan Case Defendants subsequently served their Second Amended Initial Disclosures to amend the description and location of documents. Still, Counsel for Abittan and Chen Case Defendants raised the same complaints as to the amended initial disclosures:

Description and Location of Documents: Rule 26(a)(1)(A)(ii) requires a party to provide "a copy—**or a description by category and location**—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Rule 26(a)(1)(A)(ii) does not require or mandate production of the listed documents.

### Chen Case

*Document Disclosures*

Chen Case Defendants allege that Chen did not supplement the categories of documents within her possession, custody, or control in any way. They claim that the addition of disclosing the location of the documents to be in the custody and control of Chen's counsel is not sufficient. Thus, they claim that the description of document categories remains vague.

Chen identified the "communications including text messages and emails between Plaintiff and Defendant," "text messages and emails between and amongst Plaintiffs," and "financial statement evidencing relevant payments made." These documents are categorized according to communications and the type of document. These are clear categories. In comparison, Chen Case Defendants provided a more vague disclosure i.e. "financial documents, including wires and check," "text messages and emails," and "documentation regarding investments." Yet, they somehow complain that Chen's disclosures are not specific enough when their own disclosures suffer the same inadequacies (according to their logic).[2]

As to their allegation that the location of the documents is not sufficient, Chen's disclosure of the location is similar to the Chen Case Defendants. Chen stated that these documents are "in possession, custody or control of Plaintiff" and "the location of these documents is in the care of Plaintiff's undersigned counsel's office." Chen Case Defendants employed the same disclosure whereby "Defendants submit the following description of documents, electronically store information or tangible thing in their personal possession, custody or control." Again, somehow Chen Case Defendants believe their disclosure is proper but Chen's disclosure is not, regardless of their identical wording.

Chen identifies a more specific location of the documents than Chen Case Defendants does because Chen is stating that she is in possession and is directing them to contact her through her counsel's office, as required under Cal. R. of Prof. Cond. Rule 4.2. Chen Case Defendants simply state the documents are in their possession.

Moreover, Rule 26(a)(1)(A)(ii) does not mandate that an exact address be disclosed as to the location of the document. It simply requires that a location be disclosed.

---

[2] Abittan submits that, throughout this joint status update, Chen and the Abittan Case Defendants attempt to defend their deficient disclosures by making faulty comparisons to Abittan's and the Chen Case Defendants' initial disclosures. However, Chen and the Abittan Case Defendants did **not** raise any issues with Abittan's or the Chen Case Defendants' initial disclosures during the multiple court-ordered meet and confers. Nor did they identify any issues in the parties' joint discovery letter dated January 31, 2023. *See, e.g.*, [ECF No. 171] in the Abittan Case. By contrast, Abittan and the Chen Case Defendants identified many deficiencies in Chen's and the Abittan Case Defendants' disclosures. Chen and the Abittan Case Defendants' fail to provide any substantiative defense for their deficient disclosures, as described herein.

*Damages Disclosures*

Chen Case Defendants claim that while Chen identified a general computation of damages, that computation is not supported by documents. Rule 26 states that parties "must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Chen complied with this requirement and provided a list of specific Patek Philippe watches with the initial dollar amount of the retail value and the market price value. This complies with the requirements Rule 26(a)(1)(A)(iii) because Chen provided a computation of her initial damages supported by the documents.

Moreover, as to the allegations that Chen failed to provide a copy of the financial statements, those documents are relevant as to the issue of liability. It should not be mandated for production right now under a false pretext of "proving damages." Rule 26(a)(1)(A)(iii) requires the production of documents, while Rule 26(a)(1)(A)(ii) does not. The financial statements were disclosed under Rule 26(a)(1)(A)(ii) and it not subject to production at this time.

**Abittan Case**

*Witness Disclosures*

Abittan claims that given the dramatic increase in the number of witnesses, the description of each witness' knowledge lacks the requisite specificity. Abittan Case Defendants amended their initial disclosure list to add additional individuals they believe may have discoverable information. Abittan stated the subject of information of these inviduals is related to "Plaintiff Abittan, Findora Project, Temujin business." Abittan raised no objections to this exact description in the Abittan Case Defendants' first initial disclosure.[3] These additional individuals are believed to be employees, former employees, or was/is associated with the Findora Project and Temujin business

---

[3] Abittan submits that this statement is false. In the Joint Discovery Letter, dated January 31, 2023, Abittan raises this precise issue, stating: "The Abittan Case Defendants omit the addresses and telephone numbers of the witnesses, direct Abittan to contact the witnesses through the Abittan Case Defendants' counsel, and identify the subjects of information known to these individuals as either 'Plaintiff Abittan; interactions with Abittan' or 'Plaintiff Abittan; Findora Project; Temujin business.' The contact information and scope of information do not satisfy Rule 26, and should be supplemented." *See* [ECF No. 171] at 3.

in some capacity, similar to the four previously disclosed individuals. In comparison, Abittan identified some of these same additional individuals as having knowledge of the subject matter on "Defendants' conduct related to Findora." This is the same exact disclosure regarding the subject matter related to Findora, that Abittan Case Defendants disclosed. But somehow, Abittan now claims this is insufficient.

*Document Disclosures*

Abittan claims that other than adding a sentence about an ongoing investigation, Abittan Case Defendants did not supplement the document disclosures as required by the Court. Therefore, Abittan claims that the document disclosures continue to lack the specificity required by Rule 26.

Abittan Case Defendants further amended their initial disclosure. Abittan Case Defendants disclosed "documents relating to Abittan's interactions with Findora and Temujin employees, consultants, advisors and investors related to the issues raised in the pleadings," "relevant text messages and emails between Lily Chao, Damien Ding, and Abittan related to the issued raised in the pleadings," and "documents relating to ownership of assets and intellectual property relating to the Temujin (and Findora) business." Abittan Case Defendants disclosed that these documents are in their possession, custody, or control.

Again, similar to the Chen Case Defendants, Abittan made document disclosures where he "submits the following description of documents, electronically stored information or tangible things in his personal possession, custody or control." Somehow, Abittan believes the disclosure of the document location to his personal possession is sufficient, but not when Abittan Case Defendants makes the same disclosures.

Chen and Abittan Case Defendants submit that their amended initial disclosures are compliant under the rules for the reasons stated above.

Respectfully submitted,

| FREEDMAN NORMAND FRIEDLAND LLP | SAC ATTORNEYS LLP |
|---|---|
| */s/ Brianna K. Pierce* <br> Brianna K. Pierce | */s/ Raymond Hora* <br> Raymond Hora |
| *Attorneys for Abittan and the Chen Case Defendants* | *Attorneys for Chen and the Abittan Case Defendants* |