James Cai (SBN: 200189)
*jcai@sacattorneys.com*
Brian A. Barnhorst (SBN: 130292)
*bbarnhorst@sacattorneys.com*
Raymond G. Hora (SBN: 335123)
*rhora@sacattorneys.com*
Jackson D. Morgus (SBN: 318453)
*jmorgus@sacattorneys.com*
Woody Wu (SBN: 309317)
*wwu@sacattorneys.com*
SAC ATTORNEYS LLP
1754 Technology Drive, Suite 122
San Jose, CA  95110
Telephone: (408) 436-0789

Jingjing Ye (Admitted Pro Hac Vice)
YE & ASSOCIATES, PLLC
3400 N. Central Expy, #500
Plano, TX 75080

*Attorneys for Plaintiff Yuting Chen*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| YUTING CHEN,<br><br>    Plaintiff,<br><br> v.<br><br>ARIEL ABITTAN, ABRAHAM ABITTAN, RACHEL ABITTAN, BRIAN ABITTAN, JACOB ABITTAN, ALYSSA ABITTAN, ELIANA ABITTAN, ROY GRABER, TOVA GRABER, REALTIME NY LLC, a New York Limited Liability Company, and DOES 1-20, inclusive.<br><br>    Defendants. | Case No. 4:21-CV-09393-NC<br><br>**PLAINTIFF'S THIRD AMENDED INITIAL DISCLOSURES**<br><br>Complaint Filed: December 3, 2021<br><br>Judge:  Hon. Nathanael Cousins |

Pursuant to Fed. R. Civ. P. 26(a) and pursuant to the hearing held on March 8, 2023 in this matter, Plaintiff Yuting Chen ("Plaintiff") by and through counsel, makes the following Initial Disclosures:

## PRELIMINARY STATEMENT

These Initial Disclosures are based on information reasonably available to Plaintiff at this time and on Plaintiff's current understanding of the claims in this case. Plaintiff reserves the right to make supplemental and subsequent disclosures as information becomes available in the course of her investigation and discovery. By providing these disclosures, Plaintiff does not represent that she is identifying every document, tangible thing, or witness possibly relevant to this action. Plaintiff does not waive and expressly reserves any and all objections based upon relevance, materiality, competence, privilege, work product doctrine, immunity from disclosure, trade secret, undue burden, over-breadth and/or other grounds. Furthermore, these disclosures are not an admission by Plaintiff regarding any matter. All of the disclosures set forth below are made subject to and without limiting the above reservations.

## INITIAL DISCLOSURES

**(i)     The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:**

Plaintiff names the following individuals:

| Name | Address and Telephone Number | Subjects of Information |
| --- | --- | --- |
| Yuting Chen | 444 High Street, STE 300, Palo Alto, CA 94301 | Identification of Defendants Ariel Abittan, Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alysa Abittan, Eliana Abittan, Roy Graber, Tova Graber, and Realtime NY LLC (collectively, "Defendants") in this action; Plaintiff's interactions with the Defendants in this action; allegations raised in |

| | | |
|---|---|---|
| | | the Complaint. |
| Damien Ding | 444 High Street STE 300, Palo Alto, CA 94301 | Identification of Ariel Abittan and other Defendants in this action; Damien Ding's interactions with the Ariel Abittan and Defendants in this action; Damien Ding's knowledge of Ariel Abittan and Defendants related to the watch business. Damien Ding's knowledge of Yuting Chen's watch business with Ariel Abittan; Damien Ding's account witnessing Yuting Chen interact with Ariel Abittan and Defendants. |
| Ming Chang | Room 2-601, No. 123 Hangyin Street, Gongshu District, Hangzhou City, Zhejiang Province, China. Postal Code: 310011 | Identification of Ariel Abittan and other Defendants in this action; Ming Chang's interactions with Ariel Abittan and Defendants in this action; Miyun Chang's knowledge of Ariel Abittan and Defendants related to the watch business; Ming Chang's knowledge of Yuting Chen's watch business with Ariel Abittan; Ming Chang's account witnessing Yuting Chen interact with Ariel Abittan and Defendants. |
| Liyun Zhang | No. 59, Section 1, Heping West Road, Zhongzheng District, Taipei City | Identification of Ariel Abittan and other Defendants in this action; Liyun Zhang's interactions with Ariel Abittan and Defendants in this action; Liyun Zhang's knowledge of Ariel Abittan and Defendants related to the watch business; Liyun Zhang's knowledge of Yuting Chen's watch business with Ariel Abittan; Liyun Zhang's accounts witnessing Yuting Chen interact with Ariel Abittan |

| | | |
|---|---|---|
| | | and Defendants. |
| Ariel Abittan | 37 Auerbach Lane, Lawrence, NY 11559 | Defendants' conduct related to the watch enterprise; breach of contract; breach of fiduciary duty; fraud; conversion; imposition of constructive trust; declaratory relief; accounting; intentional infliction of emotional distress; civil conspiracy |
| Abraham Abittan | 37 Auerbach Lane, Lawrence, NY 11559 | Defendants' conduct related to the watch enterprise; Ariel Abittan's conduct related to the watch enterprise; Ariel Abittan's conduct related to his breach of fiduciary duty, fraud, conversion, imposition of constructive trust, declaratory relief, accounting, intentional infliction of emotional distress, and civil conspiracy. Defendant's own conduct related to aiding and abetting breach of fiduciary duty; fraud; unjust enrichment; imposition of constructive trust; intentional infliction of emotional distress; civil conspiracy |
| Rachel Abittan | 37 Auerbach Lane, Lawrence, NY 11559 | Defendants' conduct related to the watch enterprise; Ariel Abittan's conduct related to the watch enterprise; Ariel Abittan's conduct related to his breach of fiduciary duty, fraud, conversion, imposition of constructive trust, declaratory relief, accounting, intentional infliction of emotional distress, and civil conspiracy. Defendant's own conduct related to aiding and abetting breach |

| | | |
|---|---|---|
| | | of fiduciary duty; fraud; unjust enrichment; imposition of constructive trust; intentional infliction of emotional distress; civil conspiracy |
| Brian Abittan | 4 Heather Lane, Lawrence, NY 11559 | Defendants' conduct related to the watch enterprise; Ariel Abittan's conduct related to the watch enterprise; Ariel Abittan's conduct related to his breach of fiduciary duty, fraud, conversion, imposition of constructive trust, declaratory relief, accounting, intentional infliction of emotional distress, and civil conspiracy.  Defendant's own conduct related to aiding and abetting breach of fiduciary duty; fraud; unjust enrichment; imposition of constructive trust; intentional infliction of emotional distress; civil conspiracy |
| Jacob Abittan | 260 Central Ave, Apt 121, Lawrence, NY 11559 | Defendants' conduct related to the watch enterprise; Ariel Abittan's conduct related to the watch enterprise; Ariel Abittan's conduct related to his breach of fiduciary duty, fraud, conversion, imposition of constructive trust, declaratory relief, accounting, intentional infliction of emotional distress, and civil conspiracy.  Defendant's own conduct related to aiding and abetting breach of fiduciary duty; fraud; unjust enrichment; imposition of constructive trust; intentional infliction of emotional distress; civil conspiracy |

| | | |
|---|---|---|
| Alysa Abittan | 37 Auerbach Lane, Lawrence, NY 11559 | Defendants' conduct related to the watch enterprise; Ariel Abittan's conduct related to the watch enterprise; Ariel Abittan's conduct related to his breach of fiduciary duty, fraud, conversion, imposition of constructive trust, declaratory relief, accounting, intentional infliction of emotional distress, and civil conspiracy. Defendant's own conduct related to aiding and abetting breach of fiduciary duty; fraud; unjust enrichment; imposition of constructive trust; intentional infliction of emotional distress; civil conspiracy |
| Eliana Abittan | 37 Auerbach Lane, Lawrence, NY 11559 | Defendants' conduct related to the watch enterprise; Ariel Abittan's conduct related to the watch enterprise; Ariel Abittan's conduct related to his breach of fiduciary duty, fraud, conversion, imposition of constructive trust, declaratory relief, accounting, intentional infliction of emotional distress, and civil conspiracy. Defendant's own conduct related to aiding and abetting breach of fiduciary duty; fraud; unjust enrichment; imposition of constructive trust; intentional infliction of emotional distress; civil conspiracy |
| Roy Graber | 5703 Herald Sq, Memphis, TN 38120 | Defendants' conduct related to the watch enterprise; Ariel Abittan's conduct related to the watch enterprise; Ariel Abittan's conduct related to his breach of fiduciary duty, fraud, conversion, imposition of |

| | | |
|---|---|---|
| | | constructive trust, declaratory relief, accounting, intentional infliction of emotional distress, and civil conspiracy. Defendant's own conduct related to aiding and abetting breach of fiduciary duty; fraud; unjust enrichment; imposition of constructive trust; intentional infliction of emotional distress; civil conspiracy |
| Tova Graber | 5703 Herald Sq, Memphis, TN 38120 | Defendants' conduct related to the watch enterprise; Ariel Abittan's conduct related to the watch enterprise; Ariel Abittan's conduct related to his breach of fiduciary duty, fraud, conversion, imposition of constructive trust, declaratory relief, accounting, intentional infliction of emotional distress, and civil conspiracy. Defendant's own conduct related to aiding and abetting breach of fiduciary duty; fraud; unjust enrichment; imposition of constructive trust; intentional infliction of emotional distress; civil conspiracy |

In addition to the above-listed individuals, Plaintiff reserves the right to rely upon the testimony of additional witnesses as may be identified in the course of further discovery and investigation, including but not limited to persons disclosed by Defendants.

**(ii)** **a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:**

| **Description by Category** | **Description by Location** |
|---|---|
| | |

| | |
|---|---|
| Communications including text messages and e-mails between Yuting Chen and Ariel Abittan related to the watch business and credit card payments. | 444 High Street STE 300, Palo Alto, CA 94301 |
| Photos of Yuting Chen with Ariel Abittan | 444 High Street STE 300, Palo Alto, CA 94301 |
| Text messages and emails between and amongst Yuting Chen, Damien Ding, Ming Chang and Liyun Zhang mentioning Ariel Abittan and Defendants | 444 High Street STE 300, Palo Alto, CA 94301 |
| Financial statements evidencing relevant payments made to Ariel Abittan and/ or Defendants involving sale of the watches. | 444 High Street STE 300, Palo Alto, CA 94301 |
| Financial statements evidencing relevant payments made to the credit card account used by Abittan and Defendants. | 444 High Street STE 300, Palo Alto, CA 94301 |
| Receipts and/or Financial statements evidencing proof of purchase of the watches from retailers. | 444 High Street STE 300, Palo Alto, CA 94301 |
| Documentation of watches owned and | 444 High Street STE 300, Palo Alto, |

| | |
|---|---|
| bought by Plaintiff to be sold by Ariel Abittan. | CA 94301 |
| Documentation of watches owned and bought by Plaintiff in Ariel Abittan's possession. | 444 High Street STE 300, Palo Alto, CA 94301 |

Investigation is ongoing and Plaintiffs reserve the right to supplement the list of categories discussed above.

**(iii)   a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:**

Plaintiff's investigation is ongoing and Plaintiff reserves the right to supplement the information concerning damages. As set forth in the Complaint, Plaintiff has suffered significant damages. Plaintiff's initial assessment of damages indicates 45 individual Patek Philippe watches with a total retail cost of $2,607,743.00 and a total market value of $6,700,000.00. These figures are derived from the spreadsheet produced to Defendants identifying the specific make, model, and price of the watch. The spreadsheet was further supplemented with the Certificate of Origin from Patek Philippe for the watches. This identifies the specific model purchased at retail and the date of sale. In the watch resale business, the certificate of origin accompanies the watch and is transferred to the new owner when the watch is sold. The Certificate of Origin(s) produced to Defendants are for the watches identified in the spreadsheet above, evidencing Plaintiff's purchase of the watches.

These figures are preliminary and subject to change during the course of discovery.

Plaintiff has not yet identified an expert or experts to be called to testify as to these damages at trial and to assist in the calculation of the amount of damages Plaintiff will seek at trial. As discovery in this matter has just commenced, Plaintiff will supplement this initial

disclosure statement with any additional information uncovered regarding damages to Plaintiff. Plaintiff will provide an expert damages report in accordance with the scheduling order entered in this case.

Plaintiff reserves her right to seek damages from other defendants or non-parties as the facts of the case develop and the case proceeds.

**(iv)** **for inspection and copying under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

Based on current information, Plaintiff is not aware of any such insurance agreement.

Dated:  March 22, 2023                         SAC ATTORNEYS LLP

                                                By: /s/ James Cai
                                                James Cai, Esq.
                                                Brian A. Barnhorst, Esq.
                                                Jackson D. Morgus, Esq.
                                                Raymond G. Hora, Esq.
                                                Attorneys for Yuting Chen