Constantine P. Economides (*pro hac vice*)
(Florida Bar No. 118177)
Brianna K. Pierce
(CA Bar No. 336906)
FREEDMAN NORMAND
FRIEDLAND LLP
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (305) 971-5943
Email: ceconomides@fnf.law
         bpierce@fnf.law

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| YUTING CHEN, | Case No. 21-CV-09393-NC |
| Plaintiff, | |
| v. | **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| ARIEL ABITTAN, ABRAHAM ABITTAN, RACHEL ABITTAN, BRIAN ABITTAN, JACOB ABITTAN, ALYSSA ABITTAN, ELIANA ABITTAN, ROY GRABER, TOVA GRABER, REALTIME NY LLC, a New York Limited Liability Company, and DOES 1-20, inclusive. | Date: May 3, 2023<br>Time: 1:00 p.m.<br>Judge: Hon. Nathanael Cousins<br>Place: Courtroom 5, 4th Floor |
| Defendants. | |

In response to the Moving Defendants' motion for judgment on the pleadings ("Motion"), Plaintiff relies on inapposite, non-binding case law and a vague declaration that fails to set forth any facts supporting personal jurisdiction. Plaintiff's opposition to the Motion ("Opp.") includes three arguments. First, Plaintiff argues that the Motion is procedurally improper because (a) personal jurisdiction cannot be challenged pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Rule") and (b) the Moving Defendants waived their objection to jurisdiction by "retaining counsel with Defendant Ariel Abittan." Second, Plaintiff asserts that she pleaded sufficient facts to warrant the exercise of personal jurisdiction over the Moving Defendants by alleging that they aided and abetted Ariel Abittan's "scheme." Third, Plaintiff contends that this Court lacks the power to dismiss the Moving Defendants with prejudice and, therefore, Plaintiff should be given leave to amend the complaint or the action should be transferred to the Southern District of New York. As set forth below, Plaintiff's arguments fail, and the Moving Defendants' Motion should be granted with prejudice.

### A. The Motion is Procedurally Proper

Plaintiff argues that the Motion should be denied because a "Defendant who seeks to challenge personal jurisdiction must do so by moving to dismiss under Fed. R. Civ. P. 12(b)(2), and not by moving for judgment on pleadings under Rule 12(c) or for summary judgment under Fed. R. Civ. P. 56." Opp. 2. This argument fails.

As set forth in the Motion, courts within the Ninth Circuit have repeatedly permitted defendants to move for judgment on the pleadings for lack of personal jurisdiction. For example, in *Moledina v. Marriott Int'l, Inc.*, No. 222CV03059SPGJPR, 2022 WL 16630276 (C.D. Cal. Oct. 17, 2022), the Court noted:

> Plaintiff takes issue with Defendant arguing lack of personal jurisdiction through a motion brought under Federal Rule of Civil Procedure 12(c) rather than 12(b)(2). However, Defendant is not so limited. Defendant raised its objection to personal jurisdiction in its first responsive pleading. *See* (Answer ¶ 10 ("Defendant further denies that its contacts with this forum are sufficient to subject it to personal jurisdiction within this judicial district.")). Therefore, Defendant sufficiently preserved its jurisdictional defense pursuant to Rule 12(h) and is free to argue lack of personal jurisdiction in its Rule 12(c) motion at this stage in the proceeding.

1  *Id.* at 2 (citing Fed. R. Civ. P. 12(h)(1)(A)–(B)); *see also Entrepreneur Media v. EYGN*, No. SACV 08-0608 DOC (MLGx), 2008 WL 11338010, at *3 (C.D. Cal. Dec. 17, 2008) (ruling on a Rule 12(c) motion for judgment on the pleadings for lack of personal jurisdiction).

Furthermore, Plaintiff's reliance on *Pope v. Elabo GmbH*, 588 F. Supp. 2d 1008 (D. Minn. 2008)—a 15-year-old decision from the District of Minnesota—is misplaced. After exploring the interplay between Rules 12 and 56 as to personal jurisdiction challenges, the court concluded that "[the defendant] did include the defense of lack of personal jurisdiction in its answer" and "has done nothing to waive that defense under Rule 12(h)(1)" and is not "precluded from asserting the defense." *Id.* at 1013.[1]

Here, Plaintiff concedes that the Moving Defendants' answer "preserve[d] the issue of jurisdiction[.]" Opp. 2. Indeed, the Moving Defendants at all times preserved their objection to personal jurisdiction, including in the following filings:

- Answer, [ECF No. 32] at 2: "Defendants preserve and do not waive the rights and defenses under Rules 12(b)(2), 12(b)(3), 12(b)(6), and 12(b)(7). Defendants do not consent to personal jurisdiction."

- Amended Answer, [ECF No. 37] at 2: "Defendants preserve and do not waive the rights and defenses under Rules 12(b)(2), 12(b)(3), 12(b)(6), and 12(b)(7). Defendants do not consent to personal jurisdiction."

- Joint Case Management Statement, [ECF No. 38] at 2: "[Plaintiff] and Defendants—without consenting to personal jurisdiction or waiving any challenges to personal jurisdiction—jointly submit this Joint Case Management Statement . . . Personal jurisdiction over Defendants, other than Ariel Abittan, is lacking. Defendants, other than Ariel Abittan, do not consent to personal jurisdiction, waive any challenges to personal jurisdiction, and nothing in this Joint Case Management Statement should be construed as consent to personal jurisdiction or a waiver of challenges to personal jurisdiction."

- Stipulation, [ECF No. 47] at 1 n.1: "Defendants continue to preserve and do not waive the rights and defenses under Rules 12(b)(2), 12(b)(3), 12(b)(6), and 12(b)(7). Defendants do not consent to personal jurisdiction by filing this stipulation."

---

[1] In so holding, the court noted:

> Rule 12(b) concludes by providing that "[n]o defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." It is difficult to know what purpose this sentence would serve if Rule 12(b) defenses had to be raised by motion before an answer was filed. If that were the case, the defenses would never appear "in a responsive pleading."

*Pope v. Elabo GmbH*, 588 F. Supp. 2d 1008, 1012–13 (D. Minn. 2008).

- Opposition to Motion to Strike, [ECF No. 49] at 2 n.1: "Though Defendants oppose Plaintiff's Motion to Strike ("MTS") (ECF No. 40), Defendants preserve and do not waive the rights and defenses under Rules 12(b)(2), 12(b)(3), 12(b)(6), and 12(b)(7). Defendants do not consent to personal jurisdiction."

- Joint discovery letters regarding initial disclosures, [ECF Nos. 68, 71, 77] at 2 n.1: "The Chen Case Defendants, other than Ariel Abittan, do not consent to personal jurisdiction or waive any challenges to personal jurisdiction by filing this joint discovery letter."

Thus, the Moving Defendants properly preserved their challenge to personal jurisdiction, and the Motion is procedurally proper.

Nonetheless, Plaintiff argues that the Moving Defendants "effectively participated in this case" by "retaining counsel with Defendant Ariel Abittan" and waived their personal jurisdiction defense because their counsel, on behalf of Ariel Abittan, "answer[ed] the complaint, engag[ed] in motion practice, and challeng[ed] the validity of Plaintiff's disclosures." Opp. 2-3. That argument is specious.

Plaintiff cites no case law in support of the idea that a defendant waives their personal jurisdiction defense by retaining the same law firm as a party who does not contest jurisdiction. Nor does the record of this action support Plaintiff's waiver argument. In sum, the Moving Defendants objected to personal jurisdiction in their first responsive pleading and reiterated that objection in each filing before this Court. The Moving Defendants sufficiently preserved their jurisdictional defense, and Plaintiff has not provided any legal or factual basis for a holding that the Motion is procedurally improper.

### B. Plaintiff Failed to Establish that Personal Jurisdiction Exists

Plaintiff contends that she sufficiently pleaded facts to warrant the exercise of specific personal jurisdiction over the Moving Defendants.[2] "The Ninth Circuit employs a three-part test for assessing whether a defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of

---

[2] By failing to respond to the Moving Defendants' arguments about general jurisdiction, Plaintiff concedes that the Court cannot exercise general jurisdiction over the Moving Defendants.

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS     3     CASE NO. 21-CV-09393-NC

jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable." *SIC Metals, Inc. v. Hyundai Steel Co.*, No. SACV1800912CJCPLAX, 2018 WL 6842902, at *3 (C.D. Cal. Sept. 14, 2018). "Plaintiffs bear the burden of showing personal jurisdiction exists." *Id.*

As a threshold matter, Plaintiff failed to address the second and third prongs of the three-part jurisdictional test. For this reason alone, Plaintiff failed to meet her burden to establish personal jurisdiction over the Moving Defendants.

Furthermore, Plaintiff's showing as to the first prong is deficient. Plaintiff argues that the exercise of personal jurisdiction is proper because the Moving Defendants "purposefully availed themselves of the benefits of the State of California[.]" Opp. 3. In support of this conclusory statement, Plaintiff suggests that allegations related to Ariel Abittan's "direct conduct" should be imputed to the Moving Defendants because the Moving Defendants allegedly "aid[ed] and abet[ed]" Ariel Abittan's "scheme." *Id.* But Plaintiff fails to cite any precedent supporting such an imputation of contacts for the purposes of establishing personal jurisdiction.

In reality, moreover, Ariel Abittan's contacts **cannot** be imputed to the Moving Defendants. *See, e.g.*, *UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*, No. CV1403466MMMJPRX, 2015 WL 12752879, at *8 (C.D. Cal. July 2, 2015) ("While 'some [other] jurisdictions recognize a theory of personal jurisdiction based on conspiracy, . . . California courts [and federal courts applying California's long-arm statute] have rejected such theory.'") (brackets in original)); *McKay v. Hageseth*, No. C 06 1377 MMC, 2007 WL 1056784, *2 (N.D. Cal. Apr. 6, 2007) (citing *In re Automobile Antitrust Cases I and II*, 135 Cal.App.4th 100, 110 (2005) ("The jurisdictional facts shown must pertain to each separate nonresident defendant, even in a case alleging conspiracy")); *see also EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F.Supp.2d 1074, 1089 (C.D. Cal. 2010) ("California law does not recognize conspiracy as a basis for acquiring jurisdiction over a foreign defendant"); *Morris v. Atchity*, No. CV 08–5321 RSWL, 2009 WL 463971, *3 (C.D. Cal. Jan. 13, 2009) ("Plaintiff also asserts that a conspiracy claim against all Defendants imputes personal jurisdiction upon all nonresident conspirators, including Reid and Sonic Age. However, the California Court of Appeals has noted that 'California does not recognize conspiracy as a basis for acquiring personal jurisdiction over a party.' Thus, a conspiracy claim cannot impute personal

1   jurisdiction to Reid"'); *In re Dynamic Random Access Memory (Dram)*, No. C 02 1486 PJH, 2005
2   WL 2988715, *8 (N.D. Cal. Nov. 7, 2005) ("Accordingly, the court declines plaintiffs' invitation
3   to adopt the conspiracy theory of personal jurisdiction"); *U.S. Vestor, LLC v. Biodata Info. Tech.
4   AG*, 290 F.Supp.2d 1057, 1065 (N.D. Cal. 2003) ("The conspiracy claims are insufficient because
5   California law does not recognize conspiracy as a basis for acquiring jurisdiction over a foreign
6   defendant"); *Kipperman v. McCone*, 422 F.Supp. 860, 873 n. 14 (N.D. Cal. 1976) ("[P]ersonal
7   jurisdiction over any non-resident individual must be premised upon forum-related acts personally
8   committed by the individual. Imputed conduct is a connection too tenuous to warrant the exercise
9   of personal jurisdiction").

10          Accordingly, personal jurisdiction must be based on the acts allegedly committed by each
11  respective Moving Defendant, but as set forth in the Motion, Plaintiff's complaint lacks those
12  individualized jurisdictional allegations. *See* Motion at 15-18.

13          Moreover, Plaintiff has not produced evidence rebutting the Moving Defendants' sworn
14  declarations. *See Reiffin v. Microsoft Corp.*, No. C 11-03505 CRB, 2012 WL 1309179, at *1 (N.D.
15  Cal. Apr. 16, 2012) (noting that, when allegations are controverted, a plaintiff must "produce[]
16  admissible evidence which, if believed, would be sufficient to establish the existence of personal
17  jurisdiction."); *Koi Design, LLC v. Mark's Work Wearhouse*, No. CV096757CBMFFMX, 2010 WL
18  11508546, at *2 (C.D. Cal. Mar. 26, 2010) ("The plaintiff must offer jurisdictional facts to support
19  controverted allegations.").

20          Specifically, the Moving Defendants submitted sworn declarations denying the facts alleged
21  in the complaint—including that they ever met or interreacted with a woman named Yuting Chen
22  who engaged in a watch business with Ariel Abittan—and in response, Plaintiff did not contest or
23  contradict those sworn statements. Instead, Plaintiff submitted a declaration addressing only three
24  of the Moving Defendants: Abraham Abittan, Rachel Abittan, and Eliana Abittan. *See* [ECF No.
25  79-1] at ¶¶ 3-6. As to those three, Plaintiff avers only that Plaintiff met with Abraham, Rachel, and
26  Eliana Abittan in visits that "concerned" the watch business. *See id.* Even if those averments were
27  true, however, Plaintiff does not claim that any of the specific conduct purportedly underlying each
28  claim against the Moving Defendants occurred at or arose from these alleged meetings. Nor does

1  Plaintiff cite precedent indicating that immaterial, isolated meetings in California are sufficient
2  minimum contacts for each claim asserted against the Moving Defendants. *See, e.g.*, *Alexandria*
3  *Real Estate Equities, Inc. v. RUNLABS (UK) Ltd.*, No. 18-CV-07517-LHK, 2019 WL 4221590, at
4  *12 (N.D. Cal. Sept. 5, 2019) ("[T]he Ninth Circuit has deemed sporadic visits to a jurisdiction of
5  a similarly brief duration inadequate to establish specific jurisdiction. Physical entry into the
6  State—either by the defendant in person or through an agent, goods, mail, or some other means—
7  is certainly a relevant contact. However, a defendant's transitory presence will support jurisdiction
8  only if it was meaningful enough to create a substantial connection with the forum State."); *Korn*
9  *Ferry Int'l v. Cilli*, No. CV 17-8994-JFW (EX), 2018 WL 6118613, at *2-3 (C.D. Cal. Mar. 7,
10 2018) ("Specific jurisdiction, in contrast, exists where a cause of action arises out of a defendant's
11 contacts with the forum state even if those contacts are isolated or sporadic. . . When a plaintiff
12 relies on specific jurisdiction, he must establish that jurisdiction is proper for each claim asserted
13 against a defendant." (internal citations and quotation marks omitted)); *Republic of Kazakhstan v.*
14 *Ketebaev*, No. 17-CV-00246-LHK, 2017 WL 6539897, at *5 (N.D. Cal. Dec. 21, 2017) ("Put
15 differently, some single or occasional acts related to the forum may not be sufficient to establish
16 jurisdiction if their nature and quality and the circumstances of their commission create only an
17 attenuated affiliation with the forum. A defendant's random, fortuitous, or attenuated contacts will
18 not suffice." (internal citations and quotation marks omitted)).

19 In sum, Plaintiff's declaration is insufficient. Plaintiff does not mention Moving Defendants
20 Brian Abittan, Jacob Abittan, Alyssa Abittan, Roy Graber, Tova Graber, or RealTime NY LLC.
21 And Plaintiff's cursory references to short one-off trips to California by Abraham, Rachel, and
22 Eliana Abittan—even if true—do not show the requisite minimum contacts. *See RUNLABS (UK)*
23 *Ltd.*, 2019 WL 4221590, at *13 ("The limited duration and one-off nature of the trip render it
24 insufficient to create the substantial connection to California necessary to support specific
25 jurisdiction."). Thus, Plaintiff has failed to establish personal jurisdiction over the Moving
26 Defendants.

### C. The Moving Defendants Should be Dismissed with Prejudice

Plaintiff argues that this Court lacks the power to dismiss the Moving Defendants with prejudice, that Plaintiff should be given leave to amend, and/or that the action should be transferred to the Southern District of New York. Plaintiff's argument fails for two primary reasons.

First, the Court has the power to dismiss the Moving Defendants with prejudice. Indeed, courts routinely dismiss cases "with prejudice"—or otherwise deny leave to amend—when the plaintiff fails to establish personal jurisdiction. *See Lamont v. Petrucelli*, No. 18-CV-02790-BLF, 2018 WL 4378768, at *1 (N.D. Cal. July 12, 2018) ("Because Plaintiff has failed to demonstrate the existence of personal jurisdiction over Defendant despite being given two opportunities to do so, and because it appears that further amendment would be futile, the Court agrees with Judge Cousins that it is appropriate to dismiss the case with prejudice at this time."); *Alexandria Real Est. Equities, Inc. v. RUNLABS (UK) Ltd.,* No. 18-CV-07517-LHK, 2019 WL 4221590, at *14 (N.D. Cal. Sept. 5, 2019) ("Because the SAC still fails to adequately allege the existence of personal jurisdiction over Defendants, the Court concludes that granting further leave to amend would be futile and unduly prejudice the Defendants. Accordingly, the Court grants Defendants' motion to dismiss with prejudice."); *see also Mitsui Sumitomo Ins. USA, Inc. v. Kyocera Mita Corp.*, No. 215CV01860ODWFFM, 2016 WL 4010022, at *2 (C.D. Cal. July 25, 2016) (a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency").

Here, Plaintiff is the primary source of knowledge of how, when, and where each Moving Defendant—i.e., Ariel Abittan's family—engaged in minimum contacts related to Plaintiff's claims. Yet, Plaintiff does not contest the sworn testimony of the Moving Defendants, which directly contradicts Plaintiff's complaint, and does not provide additional facts supporting the alleged personal jurisdiction. Nor does Plaintiff provide any indication of a good faith ability to cure those deficiencies. Hence, an amendment would be futile, and dismissal should be granted with prejudice.

Second, Plaintiff's cursory request to transfer this action to the Southern District of New York is procedurally improper and substantively deficient. Plaintiff does not address the two-step

analysis for a transfer pursuant to 28 U.S.C. § 1404. *See Busbice v. Vuckovich*, No. CV 16-8511 PA (AJWX), 2017 WL 11558310, at *2 (C.D. Cal. Mar. 1, 2017) ("The § 1404 transfer analysis therefore has two steps: (1) Whether the district to which the moving party seeks to transfer meets the requirement of being one where the case "might have been brought"; and (2) if it does, would transfer serve the interest of the convenience of parties and witnesses, and the "interest of justice."). Nor does Plaintiff discuss the numerous factors that courts consider in weighing the propriety of a § 1404 transfer. *Id.* ("In analyzing the second prong of a transfer under § 1404, the Court may consider several factors to determine whether the convenience and interest of justice elements of § 1404(a) are met by the proposed transfer: (1) convenience to the parties and witnesses; (2) relative ease of access to evidence; (3) availability of compulsory process for attendance of unwilling witnesses; (4) plaintiff's choice of forum; and (5) administrative considerations."). Accordingly, Plaintiff's request to transfer the case should be denied.

\*\*\*

For the reasons stated above and in the Motion, the Moving Defendants respectfully request that the Court grant judgment on the pleadings and dismiss, with prejudice, the claims against the Moving Defendants.

Dated: April 11, 2023                                              Respectfully Submitted,

*/s/ Constantine P. Economides*
Constantine P. Economides (*pro hac vice*)
Brianna K. Pierce (CBN 336906)
FREEDMAN NORMAND
FRIEDLAND LLP
1 SE Third Avenue, Suite 250
Miami, Florida 33131
Tel: (305) 971-5943
Email: ceconomides@fnf.law
           bpierce@fnf.law

*Counsel for Defendants*